SHEEHY ET AL., APPELLEES, *v.* SEILON, INC., APPELLANT.

[Cite as Sheehy v. Seilon, Inc., 10 Ohio St. 2d 242.]

(No. 40496—Decided May 31, 1967.)

*Messrs. Buckingham, Doolittle & Burroughs, Mr. John M. Glenn* and *Mr. Richard A. Chenoweth*, for appellees.
*Messrs. Moss & Friedman* and *Mr. Robert D. Moss*, for appellant.

*Per Curiam.* Both the lower courts found from the evidence upon a reasonable and supportable interpretation thereof that, through a series of inducements, corporate resolutions and actions by plaintiffs' employer to encourage loyalty and the continuance of service by its salaried employees, the employer established the insurance program in issue, which was accepted and complied with by the affected employees during their working years, that the employer, despite the considerable cost, became obligated to continue the insurance coverage to the eligible employees upon and after their retirement, and that through the inducements and actions of the employer these employees, upon retirement, acquired a vested right to the continuance by the employer of the insurance coverage.

A majority of this court, upon examination of the record, agrees with the decision and judgment of the Court of Appeals and is further of the opinion that the principles announced in the case of *Cantor* v. *Berkshire Life Ins. Co.*, 171 Ohio St. 405, 171 N. E. 2d 518, were properly applied by that court.

The *Cantor case* stands for the general proposition that, where an employee has complied with the conditions of his contract of employment, benefits have been promised and conferred on him by his employer as an inducement for the continuance of his service to the employer, and such employee reaches the specified retirement age, he acquires, by the promise and agreement of his employer, a vested right to those benefits, and, in the absence of good and sufficient causes for forfeiture, he may not be deprived thereof, notwithstanding a proviso in the contract of employment to the contrary.

We likewise agree with the Court of Appeals that the employer may change the insurer from the existing one to another,

and that it may cancel insurance as to those of its employees who are still working and have not retired.

In accordance with the views expressed, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

SCHNEIDER, J., concurring. The *Cantor case* (171 Ohio St. 405) was stronger than the court indicates. The individual written contract of employment there specifically provided that the disputed benefits were *nonvested* and that it (the contract) was cancelable at the will of either party without cause.