[Civ. No. 37857. First Dist., Div. Two. Aug. 18, 1976.]

CITY OF OAKLAND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, PAULA RAE
CARLYON et al., Respondents.

## Counsel

David A. Self, City Attorney, and Kenneth R. Ogren, Deputy City Attorney, for Petitioner.

Davis, Cowell & Bowe and J. Thomas Bowen for Respondents.

## Opinion

**ROUSE, J.**—This case comes before us again on direction of our Supreme Court to consider the matter in light of *City of Los Angeles v. Industrial Acc. Com.* (1965) 63 Cal.2d 263 [46 Cal.Rptr. 110, 404 P.2d 814], and *City etc. of S. F. v. Workmen's Comp. App. Bd.* (1968) 267 Cal.App.2d 771 [73 Cal.Rptr. 429]. ■ The principal question is whether petitioner City of Oakland may offset the total amount of a survivor's pension paid to respondent widow of an Oakland fireman by reason of the death of her husband in the course of his employment against an award of death benefits made pursuant to section 4701 of the

Labor Code, and payable in installments pursuant to section 4702 of the Labor Code.

The facts show that upon respondent's remarriage, the city terminated her pension and also refused to make any payments on the award of death benefits, contending that the total amount paid to respondent as widow's pension (approximately $13,140) exceeded the total amount payable to her in her individual capacity under the award of death benefits ($10,250) and that there was no amount owing after the offset. Respondent instituted proceedings before the board, contending that since the death benefit was payable in weekly installments, petitioner was entitled to offset only installments accrued to the date of her remarriage, and that respondent was entitled to receive weekly installments until the balance of the death benefit had been paid. The board agreed, and on July 30, 1975, ordered that petitioner pay respondent workers' compensation benefits at the rate of $35 a week for an additional 207 weeks.

It is not in dispute that a city may prevent double payments to its employees or their dependents by reason of the same disability or death by appropriate charter provisions. Section 249 of article XXVI of the Oakland City Charter contains such a provision.[1] The theory that a widow should receive *both* full compensation and pension payments has been held to be erroneous. (*City of Los Angeles* v. *Industrial Acc. Com. supra,* at p. 264.) "The order in which the respective payments, awards or allowances are payable is immaterial. Pension payments may be reduced and offset against an earlier and fully paid compensation award. [Citations.] Earlier pension payments may be credited against a later compensation award. [Citation.] And where award and pension are payable concurrently one may be offset or credited against the other to the end that total payments shall not exceed the stipulated monthly pension. [Citations.]" (*City etc. of S. F.* v. *Workmen's Comp. App. Bd., supra,* at pp. 780-781.)

---

[1]Section 249 of article XXVI of the Oakland City Charter, provides, in pertinent part, as follows: "(2) It is the intention of this section that allowances granted to or on account of members of the System for injury, illness or death incurred in the performance of duty shall not be cumulative with benefits under the Labor Code of California awarded as the result of the same injury, illness or death. If any member of the System or dependent receives compensation under the Labor Code for disability or death arising out of and in the course of the performance of duty, any payment on account thereof shall be applied as a credit and set off against any payment on account of salary granted to such member

Although the foregoing cases concerned the question of whether a city was entitled to a credit on pension payments by reason of lump sum compensation awards, it does not appear to be material whether the compensation award is ordered in a lump sum or in weekly installments insofar as the allowance of this credit and the prevention of double recovery is concerned. It follows that the city was entitled by reason of the authorities cited and its charter provisions to the offset claimed.

The order of July 30, 1975, is annulled.

Taylor, P. J., and Kane, J., concurred.

---

under Articles XIV and XV; or retirement allowance or other benefit granted to or on account of such member under the provisions of this Article as follows:

"(a) If the amount is paid in one sum or in installments equal to or greater than such salary, retirement allowance, or other benefit, such member or dependent shall not receive any salary, retirement allowance, or other benefit until the total amount of the salary, retirement allowance, or other benefit which would otherwise be payable equals the total amount received under the Labor Code.

"(b) If the amount is paid in installments less than such salary, retirement allowance, or other benefit, the salary, retirement allowance, or other benefit shall be reduced so that the total of salary, retirement allowance, or other benefit plus the amounts received under the Labor Code will equal the salary, retirement allowance or other benefit which would otherwise be due.

"(c) In either case any award specifically granted for medical, surgical, or hospital expenses shall not reduce the salary, retirement allowance, or other benefit."