ELIZABETH PYNE *v.* CITY OF NEW HAVEN

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued January 10—decision released May 8, 1979

*Frederick W. Danforth, Jr.,* deputy corporation counsel, for the appellant (defendant).

*Stephen I. Traub,* for the appellee (plaintiff).

PARSKEY, J. The plaintiff is the widow of Joseph Pyne, a New Haven police officer who died on April 1, 1973, as a result of a heart attack. At the time Pyne became a police officer, he passed a physical examination, which examination failed to reveal any evidence of heart disease or hypertension. His gross weekly salary at the time of his death was

$213.15. The plaintiff claimed, pursuant to General Statutes § 7-433c, to be entitled to workmen's compensation benefits, and was awarded compensation in the amount of $102 per week. The plaintiff receives, additionally, pension payments, pursuant to § 258 of the charter of the city of New Haven, in the amount of $230.92 per month.

The plaintiff brought suit against the city of New Haven for further compensation to which she claimed to be entitled by reason of the provisions of General Statutes § 7-433c. Under § 7-433c, if "a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death," then his dependents are entitled to (1) workmen's compensation benefits, and (2) "the same retirement or survivor benefits which would be paid under [the municipality's retirement] system if such death or disability was caused by a personal injury which arose out of and in the course of his employment." The plaintiff claimed that if her husband's death had been caused by a "personal injury which arose out of and in the course of his employment," she would be entitled to the benefits provided by § 258A of the New Haven charter. Under § 258A, the widow of a police department member who is "killed while in the actual performance of duty or shall die from the proximate effects of any injuries received while in the actual discharge of such duty" is entitled to "a weekly compensation equal to the difference between the maximum weekly compensation to which a widow of any deceased member is

entitled and received under the provisions of the general statutes relating to workmen's compensation, and the weekly earnings of her deceased husband at the time of his death." The plaintiff applied to the city of New Haven for weekly compensation benefits, in accordance with § 258A of the charter, in the amount of $112 per week (the difference between her husband's weekly basic pay at the time of his death and the workmen's compensation benefits she was receiving). The city denied this claim and the plaintiff brought suit seeking an amount equal to $112 per week retroactive to the time of her husband's death and an order requiring the defendant to pay her $112 weekly until she dies or remarries.

The plaintiff moved for summary judgment. She filed an affidavit in which she stated, in relevant part, the following: She is the widow of a New Haven police officer who died of a heart attack, and who, at the time he became a police officer, had successfully passed a physical examination which failed to reveal any heart disease or evidence of hypertension; as a result of a workmen's compensation award she is presently receiving $102 weekly; and the city has refused to pay her the weekly benefits provided for by § 258A of the charter, which benefits would amount to the difference between her husband's weekly pay at the time of his death and the workmen's compensation benefits she is receiving. The plaintiff subsequently filed a second affidavit in which she reestimated her claim, taking into consideration monthly pension payments of $230.92 which she had also been receiving. The plaintiff thus claimed to be entitled to retroactive payments of $111.15 per week (the difference between workmen's compensation, weekly benefits and weekly

earnings at death) for the number of weeks from the date of her husband's death to the date of judgment minus the $230.92 monthly payments. As of November 12, 1976, this amounted to $11,180.32.

The plaintiff's motion for summary judgment was granted as to liability and a hearing in damages was ordered. The court subsequently found that the city of New Haven should pay damages of $23,008.05 to the plaintiff, that is, that the city owed the plaintiff the sum of $111.15 for the 207 weeks between the date of death of the plaintiff's husband and the date of judgment, March 23, 1977. This appeal followed.

On appeal, the city of New Haven raises two issues: (1) whether General Statutes § 7-433c entitles the plaintiff to the benefits provided by § 258A of the charter of the city of New Haven (27 Spec. Acts 346, No. 439); and (2) whether, assuming liability, the amount of damages was correctly set at $23,008.05.

The city raises several arguments in defense of its claim that General Statutes § 7-433c does not entitle the plaintiff to widow's death benefits payable under § 258A of the charter of the city of New Haven. The city first argues that although General Statutes § 7-433c entitles the plaintiff to receive from the municipal retirement system under which her husband was covered the same retirement or survivor benefits which would be paid to her if his death were service related, § 258A of the New Haven charter provides benefits separate and distinct from the police retirement system benefits and, thus, the plaintiff is not entitled to the benefits provided by § 258A of the charter. This position is not tenable.

The city bases its argument primarily on a distinction in the source of funding of the benefits payable under § 258A and other retirement or survivor benefits payable under the city charter. That is, while for example § 258 of the charter provides certain survivor benefits to dependents of deceased police officers which are payable from a contributory relief fund, § 258A benefits are payable from the general funds of the city of New Haven. But the source of funding of benefits does not determine whether they are part of that city's retirement system for its policemen.

"System" is defined as "a complex unity formed of many often diverse parts . . . serving a common purpose." Webster, Third New International Dictionary. A retirement system would then be the set of benefit provisions which serve the common purpose of providing a level of economic protection to police officers and their dependents in the case of retirement, death or disability. Sections 252 through 259 of the New Haven charter set forth various provisions for the funding, administration and payment of retirement and survivor benefits to policemen under a contributory pension plan. Section 258A of the charter provides certain additional survivor benefits in the event that death occurs while in the actual performance of duty. These charter provisions are clearly all part of a plan for appropriately compensating New Haven policemen or their dependents in the event of retirement, death or disabling injury.

The legislature enacted General Statutes § 7-433c for the purpose of placing policemen who die or are disabled as a result of hypertension or heart disease in the same position vis-a-vis compensation benefits

as policemen who die or are disabled as a result of service related injuries. The legislative rationale, set forth in the preamble to § 7-433c, was to recognize the many problems and unusual risks attendant upon the occupation, including the high degree of susceptibility to heart disease and hypertension, and to provide protection against economic loss as an inducement in attracting and securing persons for such employment, and in recognition that the public interest and welfare will be promoted by providing such protection for police department members. As we commented in *Grover* v. *Manchester,* 168 Conn. 84, 88–89, 357 A.2d 922, appeal dismissed, 423 U.S. 805, 96 S. Ct. 14, 46 L. Ed. 2d 26 (1975): "No other group has to withstand the abuses and attacks of the oppressed and frustrated of our modern society or carry with them a constant apprehension that they may be the target of maniacal revenge; no other municipal employees are called out from the security of their homes to ensure the security of the homes of others; no other municipal employees are required to make immediate decisions which are the subject of debate and deliberation in our courts." In the case of those policemen and firemen covered by its provisions, § 7-433c was designed to impact not only on workmen's compensation benefits but upon retirement and survivor's benefits as well. The legislature, clearly, sought to protect those in the plaintiff's position, and the benefits provided to widows by § 258A of the New Haven charter would extend to them the degree of economic protection the statute envisions.

There is little merit to the city's argument that § 258A benefits are not applicable in this case because the plaintiff is not receiving workmen's compensation benefits. The short answer to the

city's argument is that General Statutes § 7-433c entitles the plaintiff to receive workmen's compensation benefits; *Grover* v. *Manchester,* 165 Conn. 615, 617–18, 353 A.2d 719 (1973); and that is indeed what she has been receiving and continues to receive.

The city's second assigned error is the court's conclusion that the plaintiff was entitled to a judgment of $23,008.05. While § 258A of the charter entitles the widow of a policeman who was killed in the line of duty to the difference between the workmen's compensation benefits she is receiving and the weekly earnings of her deceased husband at the time of his death, General Statutes § 7-433b limits compensation benefits. Section 7-433b, at the time of this judgment, read as follows: "Notwithstanding the provisions of any general statute, charter or special act to the contrary affecting the noncontributory or contributory retirement systems of any municipality of the state, or any special act providing for a police benefit fund or other retirement system, the survivors of any . . . regular member of a paid police department whose death has been suffered in the line of duty shall be eligible to receive such survivor benefits as are provided for in the workmen's compensation act and, in addition, they shall receive such survivor benefits as may be provided for in the retirement system in which such department member was a participant at the time of his death; provided such pension benefits shall be adjusted so that the total weekly benefits received by such survivors shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such deceased at the time of his death. Nothing contained herein shall prevent any

town, city or borough from paying money from its general fund to any such survivors, provided total weekly benefits paid shall not exceed said one hundred per cent of the weekly compensation." General Statutes § 7-433c places the plaintiff in the same position as a widow whose husband's death was suffered in the line of duty and her recoverable compensation should be accordingly limited.

Thus, while it is true that the city did stipulate to $23,008.05 as the amount of damages owing to the plaintiff,[1] it is also true that the plaintiff filed an affidavit in which she claimed that the damages owed to her should be determined as follows: (weekly salary minus workmen's compensation benefits times the number of weeks from date of judgment) minus (monthly pension benefits times the number of months from date of death to date of judgment).

The plaintiff's method of computing damages would limit her benefits, as required by statute, to 100 percent of the weekly compensation her husband was receiving at the time of his death. It seems clear that the plaintiff was aware of the ceiling on recoverable benefits, and she proffers no arguments in support of the judgment as rendered, but merely seeks to take advantage of the corporation counsel's

---

[1] During the hearing on damages, counsel for the city addressed the court as follows: "Well, since we were here last, your Honor, City of New Haven is inclined to stipulate that if the Court decides, and I am speaking now of our Supreme Court, decides that your decision is correct, that Mrs. Pyne, the widow of Joseph Pyne in this action, would be entitled to 207 weeks at $111.15 for a grand total of $23,008.05 with the understanding that the weekly payments, to wit, $111.15, will be continued in payment to the widow after the decision is rendered by our Supreme Court."

error in stipulating to an amount which would be in excess of the statutory ceiling on recoverable benefits.

The court computed the plaintiff's recoverable damages as follows: (a) Joseph Pyne's gross weekly pay equals $213.15; (b) the weekly workmen's compensation benefit equals $102; (c) the difference between weekly pay and compensation benefits equals $111.15; (d) the number of weeks from Joseph Pyne's death to the date of judgment equals 207 weeks; and (e) $111.15 multiplied by 207 totals $23,008.05. The court, aware of the monthly pension payments the plaintiff was receiving,[2] should have completed the computation of damages by multiplying the amount of the monthly payment ($230.92) by the number of months it was received, and subtracting this sum from $23,008.05. It was this step that was needed to bring the amount of recoverable benefits within the statutory limitation. "Admissions made by counsel in the course of a trial as to facts, the issues in dispute, and the like, serve a very useful purpose, and ordinarily a trial court is amply justified in proceeding with the case upon the basis afforded by them, although it may in a proper case disregard them." *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 684, 136 A. 586 (1927). A formal stipulation of facts under ordinary circumstances should be adopted by the court as a mutual judicial admission. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.,* 136 Conn.

[2] On file with the court was the plaintiff's affidavit in which she represented that she was receiving monthly pension payments which should be considered in fixing damages. The court, in its memorandum of decision, notes "confusion as to the amount of damage to be awarded to the plaintiff. The plaintiff has deducted certain 'partial payments' made to date by the defendant. The court is unable to ascertain the nature of these partial payments."

234, 236, 70 A.2d 126 (1949). In a particular case, however, the court may be justified in disregarding it. *Peiter* v. *Degenring,* 136 Conn. 331, 338, 71 A.2d 87 (1949). This is especially true in a case such as this where it appears that for the court to accept the stipulated amount would result in the plaintiff's receiving compensation in excess of the amount provided by law.

There is error in the amount of the judgment only, the judgment is set aside and the case is remanded for a recalculation of damages in accordance with this opinion.

In this opinion the other judges concurred.