VAVREK, APPELLANT, *v.*
REPUBLIC STEEL CORP. ET AL., APPELLEES.

[Cite as Vavrek v. Republic Steel Corp. (1979), 65 Ohio App. 2d 17.]

(No. 39047—Decided July 26, 1979.)

*Mr. Willard E. Bartel,* for appellant.
*Mr. Michael Nims,* for appellee Republic Steel Corporation.
*Mr. Mark A. Rock,* for appellee United Steelworkers.

CORRIGAN, J.   Plaintiff-appellant, John Vavrek, appeals from an order of the trial court granting motions for summary judgment filed by defendants-appellees. The material facts in this case are not in dispute. The record shows that appellant was an employee of Republic Steel Corporation and a member of the United Steelworkers of America, appellees herein. Ap-

pellant retired from Republic Steel on August 31, 1975. Pursuant to the Pension Agreement between Republic Steel and the United Steelworkers, appellant's pension benefits were computed to be $396.84 per month.[1]

The issue in the present case involves a coordination of benefits provision contained in the Pension Agreement between Republic Steel and the United Steelworkers. This provision, contained in Section 3.10 of the Pension Agreement, provides that the amount of workers' compensation benefits received by a retired employee, subject to specific exceptions, will be deducted from his monthly pension benefits.[2] The record shows that at the time of his retirement appellant had a claim for workers' compensation benefits pending. This claim arose out of a work-related injury which occurred in November 1973.

Appellant testified at his deposition that while he was preparing to retire he told his union representative of his pending workers' compensation claim. Appellant also testified that the union representative informed him that under Section 3.10 of the Pension Agreement, appellant's pension benefits would be reduced by the amount of his award in the workers' compensation claim. Appellant stated that he did not begin receiving his pension after he retired. He further stated that he was told by the attorney representing him in his workers'

---

[1] An employee's gross monthly pension benefits are determined on the basis of an employee's years of service and his average monthly earnings prior to retirement. Pension Agreement Between Republic Steel Corporation and United Steelworkers of America (hereinafter referred to as Pension Agreement).

[2] Section 3.10 of the Pension Agreement provides in pertinent part:

"Any amount paid to or on behalf of any participant on account of injury or occupational disease incurred in the course of his employment by the Company or any other employer causing disability in the nature of a permanent disability, whether pursuant to Workmen's Compensation, Occupational Disease or similar statutory law (except fixed statutory payments for the loss of, or 100% loss of use of, any bodily member or a benefit in the nature of an annuity, pension or payment of similar kind by reason of any law), shall be deducted from or charged against any regular pension otherwise payable under this Agreement. * * * If any amount which is to be deducted from or charged against any regular pension pursuant to this paragraph is determined with respect to a period of time, such deduction or charge shall be made only with respect to the same period. If any such amount is not determined with respect to a period of time, the Company shall apportion the amount to a period of time under procedures reasonably designed to result in deduction or charge compatible to that which would be made if the amount had been determined with respect to a period of time."

compensation claim that his pension was being held up until the amount of the workers' compensation benefit had been determined. Appellant subsequently abandoned his workers' compensation claim. The record shows that appellant has received his full retirement benefits under the terms of the Pension Agreement since his retirement.

On January 26, 1976, appellant filed a complaint against Republic Steel.[3] In this complaint appellant alleged that the effect of the operation of Section 3.10 of the Pension Agreement was to coerce appellant into waiving his workers' compensation claim. Appellant further alleged that Section 3.10 was contrary to R. C. 4123.80, and therefore, was void as against public policy.

Appellant filed an amended complaint, naming the United Steelworkers as a party, on June 10, 1976. Answers to the amended complaint were filed by both defendants. Appellant filed a motion for summary judgment on December 5, 1977. Subsequently, defendants also filed motions for summary judgment. The trial court overruled appellant's motion for summary judgment, granted defendants' motions for summary judgment and dismissed the case on January 25, 1978. In an opinion accompanying the entry, the trial court stated that Section 3.10 of the Pension Agreement did not violate R. C. 4123.80. The court further stated that the coordination of benefits provision in the Pension Agreement was valid and enforceable. From this order, appellant filed his notice of appeal. One assignment of error has been raised on appeal:

"The trial court erred in granting defendants' motions for summary judgment because the setoff provision in the pension plan between Republic Steel and United Steelworkers is contrary to public policy and the law of this state."

Civ. R. 56(C) provides that summary judgment will be rendered when there is no genuine issue of material fact and, construing the evidence most strongly in favor of the nonmoving party, reasonable minds could come to but one conclusion and that conclusion is adverse to the non-moving party. See *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64. In the present case there is no dispute concerning the

---

[3] Appellant's action was initiated as a class action. The parties agreed by stipulation to delay the determination of whether a class action was proper until the determination of the validity of Section 3.10 of the Pension Agreement was made.

amount of appellant's monthly pension benefit, nor is there any dispute with respect to the meaning of the language of Section 3.10 of the Pension Agreement. The sole issue which was before the trial court was the validity of the coordination of benefits provision.

Appellant argues that the trial court erred by finding that the coordination of benefits provision in the Pension Agreement was not in conflict with R. C. 4123.80. This section of the Revised Code provides, with some exceptions not applicable to the facts in the present case, that an agreement by an employee to waive his rights to workers' compensation is not valid. Appellant further argues that he has a vested right in the pension benefits, and therefore, such benefits cannot be reduced as a result of a workers' compensation award.

Appellant's contention that the coordination of benefits provision in the Pension Agreement impairs his right to participate in the Workers' Compensation Fund is without merit. The rules governing workers' compensation awards operate independently of appellant's pension plan. No action taken by appellant concerning the pension plan will affect his right to receive workers' compensation benefits. Although by the terms of the Pension Agreement appellant may be forced to elect between receiving benefits from the pension fund or the Workers' Compensation Fund, Section 3.10 of the Pension Agreement does not deprive appellant of his right to participate in the Workers' Compensation Fund.

Appellant also argues that he has a vested right to retirement benefits under the pension plan and that this right may not be waived by his decision to pursue his claim for workers' compensation benefits. In support of his argument appellant relies on the case of *Cantor* v. *Berkshire Life Ins. Co.* (1960), 171 Ohio St. 405. In that case, the employer initiated a personal continuity credit program to encourage longevity with the company. The credits received by the employees increased their pension benefits. After the plaintiff employee in *Cantor* retired, the company exercised its right under the agreement to cancel the program and withdraw the credits. The effect of this was to reduce the monthly pension benefits which would accrue to the plaintiff. The court stated that the pension benefits were not provided by the employer as a mere gratuity, but rather as an inducement for continued employment. Con-

sequently, once an employee met the conditions necessary to receive the pension benefits, his rights became vested, and therefore, could not be unilaterally withdrawn by the employer. *Id.,* at page 410. See, also, *Sheehy* v. *Seilon, Inc.* (1967), 10 Ohio St. 2d 242.

A pension program created pursuant to a collective bargaining agreement will be governed by the terms and provisions in the agreement. *International Assn. of Machinists and Aerospace Workers* v. *Garwood Industries, Inc.* (N.D. Ohio 1973), 368 F. Supp. 357. The Pension Agreement in the present case provides that a retiree's pension benefits will be reduced by the amount of benefits received pursuant to a workers' compensation award. Thus, similar to an employee's years of service or average monthly earnings, a workers' compensation award is a factor to be taken into consideration when the employee's monthly pension benefits are determined.[4] Unlike the situation in *Cantor, supra,* the employer in the present case did not unilaterally alter the terms of the pension program after appellant had retired. Rather, appellant's benefits were computed by the terms of the Pension Agreement which had been in effect throughout appellant's employment at Republic Steel.

No reported Ohio decisions have been discovered in which the issue raised by appellant has been addressed. A review of decisions from other jurisdictions, however, reflects that the courts have upheld the validity of setoff provisions in a pension agreement similar to the one at issue in the present case. See *Paterson* v. *Southwestern Bell Telephone Co.* (E.D. Okla. 1976), 411 F. Supp. 79; *Parsons* v. *Granite City Steel Co.* (1963), 41 Ill. App. 2d 396, 190 N. E. 2d 644; *Killebrew* v. *Abbott Laboratories* (La. 1978), 359 So. 2d 1275 (deduction for social security benefits); *Mazor* v. *State, Department of Correction* (1977), 279 Md. 355, 369 A. 2d 82; *Fielder* v. *Travelers Ins. Co.* (1977), 79 Mich. App. 449, 263 N. W. 2d 9; *Renshaw* v. *United States Pipe and Foundry Co.* (1959), 30 N. J. 458, 153 A. 2d 673; *Bunney* v. *Standard Oil Co.* (Wyo. 1977), 571 P. 2d 981. Moreover, no case has been discovered in which a court has

---

[4] Other factors which may affect the amount of an employee's monthly pension benefits are benefits from other pension programs and severance allowance.

held a coordination of benefits provision in a pension agreement to be invalid.

Appellant argues that the coordination of benefits provision in the Pension Agreement is against public policy. In support of this argument appellant relies on *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50. *Bartlett* involved an uninsured motorist provision in which benefits under the policy were reduced by the amount of workers' compensation benefits. In holding the provision invalid as against public policy, the court stated that the uninsured motorist coverage was mandated by statute, and therefore, could not be restricted by an agreement between private parties. *Id.,* at pages 52 to 53.

The holding in *Bartlett,* however, is not dispositive of the issue raised in the present case. Unlike the uninsured motorist coverage, the Pension Agreement is part of a labor contract and is not governed by statute. As a contract, the agreement should be measured by the ordinary rules of contractual construction. *Renshaw* v. *United States Pipe and Foundry Co., supra.* In addition, the agreement was bargained between the employer and the union representing the employees. Because the pension plan is not imposed by statute, the parties to the contract may limit its terms. Moreover, as the court stated in *Renshaw, supra,* the purpose of a pension program is to insure the retired employee of a fixed amount of money each month to compensate him for his lost wages. *Id.,* at page 467. As such, the parties may design the pension program to pay the deficiency when the fixed level of income is not met by other sources.

The coordination of benefits provision in the Pension Agreement does not preclude appellant from participating in the Workers' Compensation Fund, nor does the provision deprive appellant of his monthly pension benefit under the Pension Agreement. Consequently, the provision is not invalid as against public policy.[5] The trial court did not err by granting appellees' motions for summary judgment. Appellant's assign-

---

[5] A coordination of benefits provision has also been adopted by the General Assembly as part of the Workers' Compensation Act. See recent amendment to R. C. 4123.56 to coordinate nonoccupational accident and sickness benefits with temporary total compensation (Am. S. B. No. 30, effective May 14, 1979). See, also, *Green* v. *Stringer* (1978), 58 Ohio App. 2d 53.

ment of error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JACKSON, P. J., and PRYATEL, J., concur.