JAMES H. BAKELAAR *v.* CITY OF WEST HAVEN ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1135

Argued November 23, 1981—decided May 7, 1982

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellant, United States Fidelity and Guaranty Company (defendant).

*Keith B. Gallant,* with whom, on the brief, was *Edward Gallant,* for the appellee (named defendant).

*Elizabeth Dorsey,* with whom, on the brief, was *Robert F. Moran,* for the defendant Liberty Mutual Insurance Company.

*Charles L. Flynn,* for the plaintiff.

COVELLO, J. The plaintiff, James H. Bakelaar, is a regular, paid, uniformed member of the West Haven police department. He has served in that capacity since his employment on July 15, 1966. Prior to entering service, the plaintiff underwent a physical examination which failed to disclose any evidence of hypertension or heart disease.

On August 16, 1976, while pursuing a suspect, the plaintiff suffered chest pain which was diagnosed as angina pectoris. The following day, while at work, he suffered further chest pain, collapsed and was hospitalized. The diagnosis was angina pectoris and arterioscleratic heart disease. On October 8, 1976, the plaintiff sustained an acute myocardial infarction. He has since been totally disabled.

On March 15, 1977, the plaintiff filed a notice of claim for compensation with the third congressional district compensation commissioner. In it he stated, "claim is being made under Chapter 568 Workmen's

Compensation Act, Section 7-433 (a) and 7-433 (c) [sic]."[1]  Prior to commencement of the hearing, however, the plaintiff's counsel clarified his position and stated, "Mr. Bakelaar is here making a claim under 7-433c of the Connecticut General Statutes . . . . Our position . . . is we're pursuing the benefits of 7-433c."

Having heard the evidence, the compensation commissioner concluded that the city of West Haven was liable and that the "claimant is entitled to the benefits provided under Section 7-433 (c) [sic] of the General Statutes as a result of said myocardial infarction." The city of West Haven appealed this ruling to the compensation review division.  The city contended that there was adequate evidence that the claimant's condition had arisen out of and in the course of his employment.  Therefore, there was sufficient basis for concluding that the claimant was entitled to benefits under chapter 568 of the General Statutes, the Workers' Compensation Act.

The compensation review division affirmed the commissioner's finding and award but remanded the matter for further findings on the issue of whether the city might also be liable under the provisions of chapter 568.  The defendant United States Fidelity and Guaranty Company, a workers' compensation insurance carrier, has appealed from that decision.  The compensation review division concluded that once a claimant initiates a proceeding under either § 7-433c or chapter 568, any party to the proceeding "may raise issues encompassed by either or both the Title 7

---

[1] Chapter 568 is a portion of General Statutes, Title 31, Labor.  It is the Workers' Compensation Act.  Sections 7-433a and 7-433c are a portion of chapter 113, General Statutes, Title 7, Municipalities.  Although both chapters deal with financial benefits payable to disabled employees, they are separate and distinct legislative enactments. *Plainville* v. *Travelers Indemnity Co.,* 178 Conn. 664, 673, 425 A.2d 131 (1979).  Claims under the provisions of § 7-433c, however, are administered as if they were being pursued in accordance with the provisions of chapter 568. *Grover* v. *Manchester,* 165 Conn. 615, 617-18, 353 A.2d 719 (1973).

[Municipalities] and Title 31 [Labor] legislation and the Commissioner should decide all issues presented." We do not agree.

General Statutes, chapter 568, the Workers' Compensation Act, "provide[s] compensation for an injury arising out of and in the course of the employment regardless of fault . . . ." *Klapproth* v. *Turner*, 156 Conn. 276, 279, 240 A.2d 886 (1968). Most employers, including the city of West Haven, purchase liability insurance to protect themselves against the financial obligations imposed by this chapter.

Compensation payments under the Workers' Compensation Act are not required for all occupational injuries, however, only those "arising out of and in the course of . . . employment . . . ." General Statutes § 31-284. Proof that an injury arose out of and in the course of employment is frequently a difficult, if not impossible, burden.

General Statutes § 7-433c, on the other hand, is separate and distinct legislation. It recognizes the peculiar problems of uniformed members of paid police and fire departments and their "high degree of susceptibility to heart disease and hypertension . . . ." General Statutes § 7-433c. It authorizes compensation benefits for policemen and firemen "in the same amount and the same manner as that provided under chapter 568 . . ."; General Statutes § 7-433c; without proof that the condition arose out of and in the course of employment. It "specifically requires the payment of compensation to firemen and policemen who have successfully passed a physical examination which failed to reveal any evidence of hypertension or heart disease and who subsequently die or are disabled as a result of such conditions. It casts no burden of proof upon the plaintiff to show that such disease resulted from the employee's occupation or that it occurred in the line and scope of his employment." *Plainville* v. *Travelers Indemnity Co.*, 178 Conn. 664, 670, 425 A.2d 131 (1979).

Benefits payable under the provisions of § 7-433c are not covered by the insurance that employers carry to meet the financial obligations imposed by chapter 568. Id., 673-74. In the present case, the city of West Haven seeks to have the plaintiff's condition established as compensable under the provisions of chapter 568 in order that the claim will be paid by its workers' compensation insurance carrier and not by the city itself. To do so, however, requires the plaintiff to assume the greater burden of proving that his condition arose out of and in the course of his employment.

The law does not require a plaintiff to adopt a more tortuous legal path simply to enable his claim, if proved, to fall within the provisions of insurance carried by the defendant. The plaintiff is entitled to elect his own legal remedy and may not have one chosen for him that assigns to him a more difficult level of proof.

The plaintiff made it clear that he was proceeding under the provisions of § 7-433c. The compensation commissioner found the plaintiff was entitled to the benefits authorized by § 7-433c. This being the case, the compensation review division erred in remanding the case for the resolution of the chapter 568 issues.

There is error in part. The order of remand is set aside and the case is remanded with direction to render judgment in accordance with the finding and award of the compensation commissioner.

In this opinion CORRIGAN and O'DONNELL, Js., concurred.