CITY OF MIDDLETOWN ET AL. *v.* LOCAL UNION
No. 1073 OF THE INTERNATIONAL
ASSOCIATION OF FIREFIGHTERS,
AFL-CIO ET AL.
(2251)

DANNEHY, C.P.J., HULL and DUPONT, Js.

---

Argued October 5—decision released December 6, 1983

*Francis O'Neill,* for the appellants (plaintiffs).
*W. Paul Flynn,* for the appellees (defendants).

DuPONT, J. The individual defendant (hereinafter the defendant) is the widow of a paid, regular, uniformed member of the plaintiff city's fire department who died from a heart attack while off duty.[1] Pursuant to General Statutes § 7-433c (Rev. to 1977),[2] the defendant was

---

[1] Local Union No. 1073 of the International Association of Firefighters is also a defendant as the representative of Middletown firemen. Various officials of the city are plaintiffs as representatives of the city.

[2] At the time of the death of the defendant's husband, General Statutes § 7-433c (Rev. to 1977) provided in pertinent part as follows: "Notwithstanding any provision of c. 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department . . . suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death . . . his dependents . . . shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death . . . was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, . . . his dependents . . . shall receive the same retirement or suvivor benefits which would be paid under said system if such death . . . was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment."

awarded such benefits by the workmen's compensation commissioner as were allowable under the Workmen's Compensation Act, General Statutes c. 568.[3]

The issue of this appeal[4] is whether the defendant is also entitled to survivorship benefits as described in "An Ordinance Concerning Pensions and Other Benefits for Employees of the City of Middletown." The trial court held that she was entitled to full benefits thereunder, without any reduction for the payments awarded by the workmen's compensation commissioner.

Section 9 of the city's ordinance is entitled "Special survivorship benefits for death in line of duty." Section 10 of the same ordinance provides as follows: "Effect of payments under workmen's compensation act. All moneys received by any member or dependent as an award payable by the city under the workmen's compensation act shall be deducted from any concurrent payments provided under this ordinance."

The plaintiff city brought suit to recover sums previously paid to the defendant under § 9 of the ordinance and the defendant counterclaimed, alleging that in addition to the benefits derived from General Statutes § 7-433c, she is entitled to the pension benefits of § 9 of the city's ordinance. Thus, the defendant seeks a full award from both sources, without either being reduced in amount by the other. The city's position is that § 10 of the ordinance requires that the pension benefits of § 9 must be reduced by the benefits awarded under General Statutes § 7-433c.

---

[3] When this action was initially brought, General Statutes c. 568 was entitled "Workmen's Compensation Act." The title was subsequently changed to "Workers' Compensation Act." Public Acts 1979, No. 79-376. In this opinion, c. 568 is referred to as "Workmen's Compensation Act."

[4] The appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The trial court relied on *Plainville* v. *Travelers Indemnity Co.*, 178 Conn. 664, 425 A.2d 131 (1979), to conclude that the benefits provided by General Statutes § 7-433c are not "workmen's compensation benefits" and that, therefore, § 10 of the city's ordinance was not applicable to the defendant. Since § 10 of the ordinance did not apply, judgment was rendered for the defendant, giving her full pension benefits under § 9 of the ordinance.

The court in *Plainville* v. *Travelers Indemnity Co.*, supra, held that the defendant insurance company was not required to pay benefits arising under General Statutes § 7-433c because such benefits were not workmen's compensation benefits under an insurance policy providing coverage for "workmen's compensation benefits." Underlying the court's decision was the fact that basic contractual principles require a determination of what the parties intended as the risk to be covered. It makes a statistical difference and, therefore, a monetary one as evidenced in a premium if insurance is being provided against all heart attacks of a worker or just those heart attacks which are occupationally related. The court (p. 672) makes it clear that its holding is limited to the facts and context of the particular case.

The *Plainville* court overruled an earlier case, *Pyne* v. *New Haven*, 177 Conn. 456, 418 A.2d 899 (1979), to the extent that *Pyne* expressed a contrary view. That portion of *Pyne* which expresses the legislative purpose of General Statutes § 7-433c is not disturbed. The intent of the legislation is to place qualifying firemen and policemen who die or are disabled as the result of hypertension or heart disease in the same compensation position as those who die or are disabled as the result of on-duty, service-related injuries. Its purpose is not to exalt those firemen and policemen who die of heart disease not work-related over those who die of the same disease during the course of or as a result

of their on-duty services. *Plainville* v. *Travelers Indemnity Co.,* supra, 670. General Statutes § 7-433c gives a special compensation to those who qualify, in the sense that they have no burden of proof that the disease resulted from the employee's occupation or that it occurred in the course of employment. The mere fact that the employee has hypertension or heart disease and dies or is disabled because of it is all that is necessary. The employee does not need to prove that his heart disease is causally connected to his employment. The "outright bonus," as stated in *Plainville* v. *Travelers Indemnity Co.,* supra, 674, relates to the fact that no evidence of any causal connection between the employment and the disease need be proffered for qualification under General Statutes § 7-433c as long as the fireman or policeman, on entry into service, successfully passed a physical examination which failed to reveal any evidence of hypertension or heart disease. He need not even tender proof of that fact, if at the time of his employment such passage of an examination was a condition of his employment.

The holding of *Plainville* does not require a result in the present case which would give the defendant a double, concurrent collection of benefits and which would provide the defendant with greater benefits than she would have had if her deceased husband had died in the course of fighting a fire from causes unrelated to heart disease.

If *Plainville's* holding is read more broadly than that court intended and if § 10 of the ordinance is read too literally, an unreasonable result is obtained. The words of § 10 must be construed in order to achieve a result which would accomplish the reasonable end of equalizing benefits as between widows of firemen who die while fighting fires and widows of firemen who die of heart diseases. If the meaning of a statute is ambiguous, it should be construed in view of its societal purpose

in order to obtain a result which is neither incongruous nor irrational. *State* v. *Campbell,* 180 Conn. 557, 563, 429 A.2d 960 (1980).

The purpose of General Statutes § 7-433c is to protect against a wage loss, not to give some firemen and policemen a double recovery for the same wage loss. That section incorporates the Workmen's Compensation Act, not for purposes of liability, but to determine the amount of the benefits due. Workmen's compensation is part of a general social security system and is but one part of a cumulative network of various items of security legislation, including legislation providing nonoccupational and occupational benefits for disability, culminating in one package of benefits aimed at giving compensation for wage loss arising from death or disability. *Feissner* v. *Prince George's County,* 282 Md. 413, 420–21, 384 A.2d 742 (1978); 4 Larson, Workmen's Compensation Law §§ 96.10, 97.00, 97.20 (1983).

Coordination of these benefits sometimes presents a dilemma when the obvious legislative intent is to prevent dual benefits but a specific piece of legislation contains no authorization or an ambiguous authorization for a reduction of benefits. It has been held, however, that even in the absence of an express clause, coordination must be achieved by assuming that all wage loss legislation is meant to be interpreted as consistent and harmonious with a general system. *Pierce's Case,* 325 Mass. 649, 656, 92 N.E.2d 245 (1950). In a unanimous decision (one justice not participating), the United States Supreme Court has also held that even in the absence of a specific limitation, the Employment Retirement Security Act must be interpreted as requiring a deduction from the benefits due under a private pension plan of those benefits due under a workmen's compensation act. *Alessi* v. *Raybestos-Manhattan, Inc.* 451 U.S. 504, 516–17, 101 S. Ct. 1895, 68 L. Ed. 2d 402 (1981). The court decided that there must be an integra-

tion of benefits, that is a pooling of payments due an employee. The question is whether two benefit systems have a similar purpose. If the two systems do, in terms of maintaining an income level, the workmen's compensation benefits should be offset against the benefits of ERISA.

Further, as a general rule, if two governmental benefits arise from the same cause, there cannot be entitlement to both benefits. *Department of Employment Development* v. *Workers' Compensation Appeals Board,* 61 Cal. App. 3d 470, 472–75, 131 Cal. Rptr. 204 (1976); *Kment* v. *City of Detroit,* 109 Mich. App. 48, 64, 311 N.W.2d 306 (1981); *Johnson* v. *City of Muskegon,* 61 Mich. App. 121, 127, 232 N.W.2d 325 (1975).

Cases involving city charters with language indicating that benefits thereunder should be reduced by payments made under other legislation have almost uniformly been held to require a set-off of such other payments so that the city may be relieved of paying twice for the same industrial liability. *City of Oakland* v. *Workers' Compensation Appeals Board,* 61 Cal. App. 3d 254, 256, 132 Cal. Rptr. 505, cert. denied, 429 U.S. 927, 97 S. Ct. 332, 50 L. Ed. 2d 297 (1976); *City and County of San Francisco* v. *Workmen's Compensation Appeals Board,* 267 Cal. App. 2d 771, 73 Cal. Rptr. 429 (1969); *Purdy* v. *Covert,* 151 So. 2d 891, 894 (Fla. Dist. Ct. App. 1963); *Brock* v. *City of Boise,* 95 Idaho 630, 632, 516 P.2d 189 (1973); *Vavrek* v. *Republic Steel Corporation,* 65 Ohio App. 2d 17, 22, 413 N.E.2d 1233 (1979); *Green* v. *Stringer,* 58 Ohio App. 2d 53, 60, 389 N.E.2d 510 (1978). Courts are particularly sensitive to claims which would give rise to solutions providing the plaintiff either with greater benefits for disability or death than if the worker had lived and worked or with greater benefits than other workers similarly situated. *City of Costa Mesa* v. *McKenzie,* 30 Cal. App. 3d 763, 775, 106 Cal. Rptr. 569 (1973).

In reading an ordinance and other legislation to determine their intents, it is necessary to decide their purposes, to read them with a practical approach so as to lead to a wise result, to keep in mind the consequences of the interpretation, and to construe them to promote the purposes of both. *City of Costa Mesa* v. *McKenzie,* supra, 769–70.

The purpose of the Workmen's Compensation Act is to provide a prompt, efficient, simple and inexpensive procedure for obtaining benefits related to employment. 82 Am. Jur., Workmen's Compensation § 441. That purpose is recognized in *Plainville* v. *Travelers Indemnity Co.,* supra. Ordinarily, the act accomplishes another purpose, that of determining the right to receive the benefits. General Statutes § 7-433c relieves certain policemen and firemen from establishing liability under the act, and awards them benefits equal to workmen's compensation benefits. *Bakelaar* v. *City of West Haven,* 38 Conn. Sup. 359, 362, 447 A.2d 755 (1982). The statute imposes a constitutionally permissible obligation on towns. *Grover* v. *Manchester,* 168 Conn. 84, 89, 357 A.2d 922, appeal dismissed, 423 U.S. 805, 96 S. Ct. 14, 46 L. Ed. 2d 26 (1975).

In this case, § 10 of the city ordinance is an attempt to limit the pension benefits of § 9 if there are workmen's compensation benefits. The ordinance speaks of "an award payable . . . under the workmen's compensation act" and "concurrent payments under this ordinance." The defendant's award is payable under the provisions of the Workmen's Compensation Act, although the liability for its payment is not.

The liability to pay a benefit is different from the calculation of the amount of the benefit. General Statutes § 7-433c is *not* a workmen's compensation award because it requires no proof of eligibility or liability under the Workmen's Compensation Act. It *is* a work-

men's compensation award in the sense that its benefits are payable and procedurally administered under the Workmen's Compensation Act.

The widow here claims to be entitled, because of the same death, to benefits under General Statutes § 7-433c which allows payment for a heart disease disability or death whether related to employment or not, as well as to benefits under § 9 of the city's ordinance which are payable when death occurs in the line of duty. The same heart attack cannot be the source of dual municipal payments.

Section 10 of the city's ordinance is interpreted to include those awards the liability for which arises under General Statutes § 7-433c. Pension benefits payable under § 9 of the ordinance must be reduced by the benefits awarded by the workmen's compensation commissioner under § 7-433c as is mandated by § 10 of the city ordinance.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs not inconsistent with this opinion.

In this opinion the other judges concurred.