[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #134
On March 8, 1993, the plaintiff, Neil Martino, filed a single count complaint against the defendants, town of Darien police department and the town of Darien (collectively, Darien). The plaintiff alleges that he had worked as a police officer for Darien until he retired on October 19, 1991. He further alleges that on that date, he was awarded a disability pension of fifty per cent. The complaint also alleges that he was entitled to retirement benefits from that date forward. Martino seeks to recover the retirement benefits that Darien has refused to pay.
On January 23, 1995, claiming that no genuine dispute about CT Page 4068 material facts exists, Darien filed a motion for summary judgment. To accompany its motion for summary judgment, Darien filed a memorandum of law; the affidavit of Norman Lucas, the administrative officer for the town of Darien; a certified copy of Section 38-158(b)(4) of the Code of Ordinances, Town of Darien; a certified copy of the collective bargaining agreement between Darien and the Darien Police Association; and two sets of the plaintiff's responses to the defendants' request for admission.
The plaintiff, Martino has not responded to the motion for summary judgment.
"Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law.'. . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil v.Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
"`Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.'" Scrapchansky v. Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993), quoting Burns v. Hartford Hospital, 192 Conn. 451,455, 472 A.2d 1257 (1984). "[T]he court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115
(1983). See also Hetkowski v. Aetna Life Casualty Co., 224 Conn. 145,149, 617 A.2d 451 (1992).
Darien proposes two reasons why it is entitled to judgment as a matter of law.[1] First, the collective bargaining agreement and the town ordinance bar Martino's claim. Second, the term "workers' compensation benefits" encompasses both temporary total disability CT Page 4069 payments and specific indemnity awards received under the Workers' Compensation Act.
As a police officer, Martino's employment with Darien was pursuant to the collective bargaining agreement. (Collective bargaining agreement, Article I.) The collective bargaining agreement provides that "[d]isability pension benefits will be reduced by workers' compensation benefits and benefits paid under the heart and hypertension act (Section 7-433a-c, inclusive, of the General Statutes)." (Collective bargaining agreement, Article IX, Section 6.) In a request for admission, Martino admitted that this language applied to him.
The code of ordinances for Darien provides that "[d]isability pension benefits will be reduced by workers' compensation benefits and benefits paid under the heart and hypertension act (Section 7-433a — c, inclusive, of the General Statutes)." Code of Ordinances, Town of Darien § 38-158(b)(4).
Municipalities may reduce the pension an employee receives by the amount the employee receives in workers' compensation benefits or benefits under the heart and hypertension act. Maciejewski v.West Hartford, 194 Conn. 139, 147-51, 480 A.2d 519 (1984);Middletown v. Local 1073, 1 Conn. App. 58, 60-66, 467 A.2d 1258
(1983), cert. denied, 192 Conn. 803, 471 A.2d 244 (1984). "Cases involving city charters with language indicating that benefits thereunder should be reduced by payments made under other legislation have almost uniformly been held to require a set-off of such other payments so that the city may be relieved of paying twice for the same industrial liability. . . . Courts are particularly sensitive to claims which would give rise to solutions providing the plaintiff either with greater benefits for disability or death than if the worker had lived and worked or with greater benefits than other workers similarly situated." Middletown v.Local 1073, supra, 1 Conn. App. 64.
Lucas's affidavit states that Martino has received the correct pension after he retired. Martino has not submitted any documentation that suggests that Darien should not have reduced his pension benefits when he was receiving workers' compensation benefits. Accordingly, Darien's motion for summary judgment is granted.
MAIOCCO, JUDGE CT Page 4070