FIELDER v TRAVELERS INSURANCE COMPANY

1. PENSIONS—PRIVATE PENSION PLANS—WORKMEN'S COMPENSATION—
   SETOFF—PUBLIC POLICY.

   A provision in a private pension plan which enables an employer
   to set off the amount of an employee's workmen's compensation
   award against pension payments due to that employee may be
   held to be inoperative if the provision violates some settled
   public policy.

2. PENSIONS—PRIVATE PENSION PLANS—CONTRIBUTORY PENSION
   PLANS—NONCONTRIBUTORY PENSION PLANS—WAGE BARGAINING
   PROCESS.

   Employees must pay all or part of the costs of an employee
   pension plan directly for the plan to be a contributory plan;
   where the employer pays all the costs of the funding of an
   employee pension plan the plan is not contributory, and merely
   because those costs were considered during the wage bargain-
   ing process to determine wage scales does not make the plan
   contributory.

3. PENSIONS—PRIVATE PENSION PLANS—VESTED RIGHTS—CONTRACTS.

   Any rights vested in a plaintiff under a contractual private
   pension plan must necessarily be subject to the terms creating
   those vested rights.

4. PENSIONS—PRIVATE PENSION PLANS—WORKMEN'S COMPENSATION—
   SETOFF—CONTRACTS—PRIVATE CONTRACTUAL ARRANGEMENTS.

   There is no violation of public policy by a provision in a private
   pension plan which allows a setoff of workmen's compensation
   benefits paid to an employee against the pension payments to
   that employee where the employee's early retirement is precipi-
   tated by a work-related injury for which the employee is
   receiving workmen's compensation benefits; there is nothing
   offensive in a private contractual arrangement in which an

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Pensions and Retirement Funds § 82.
[2] 60 Am Jur 2d, Pensions and Retirement Funds § 73.
[3] 60 Am Jur 2d, Pensions and Retirement Funds § 74.
[4] 60 Am Jur 2d, Pensions and Retirement Funds § 56.

employer and employee agree that the employee shall not be twice compensated for the same loss of earning capacity.

Appeal from Saginaw, Fred J. Borchard, J. Submitted October 7, 1977, at Grand Rapids. (Docket No. 30030.) Decided November 8, 1977.

Complaint by Clyde Fielder against Travelers Insurance Company and Saginaw Products Corporation to recover certain pension benefits that were allegedly improperly withheld by defendants pursuant to a setoff provision in Saginaw Products' employee pension plan. Judgment for defendants. Plaintiff appeals. Affirmed.

*Brisbois & Sturtz,* for plaintiff.

*Smith & Brooker* (by *Francis B. Drinan),* for defendant Travelers Insurance Company.

*Joseph, Wolf & Weinstein, P. C.* (by *Jeffrey J. Endean),* for defendant Saginaw Products Corporation.

Before: QUINN, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

BASHARA, J. Suit was instituted by plaintiff to recover certain pension benefits that were withheld by defendants pursuant to a setoff provision[1] contained in Saginaw Products' employee pension

---

[1] The setoff provision reads as follows:

"The aggregate amount paid to or on behalf of any Pensioner on account of disability, for which the company is liable, whether pursuant to any Workmen's Compensation or occupational disease law or other statutory or common law, including any payment for disability under the Federal Social Security Act, or any Federal or State law (but excepting fixed statutory payments for the loss of eyesight or any bodily member) shall be deducted from the amount on the next ensuing monthly pension payment payable under this Plan, to the extent of such disability payments."

plan. From a judgment of no cause of action, plaintiff appeals.

During the course of his employment plaintiff sustained a work-related injury that precipitated his early retirement. Thereafter, plaintiff obtained a workmen's compensation award, which was redeemed by defendant, Saginaw Products. Pursuant to the pension plan setoff provision, the amount of the workmen's compensation award was deducted from the pension payments to become due to plaintiff. As a result, pension payments were suspended until 1979.

Defendant, Saginaw Products, implemented the employee pension plan in 1961, in compliance with the terms of a collective bargaining agreement reached with the employee's exclusive union bargaining representative. The terms and conditions of the pension plan were specifically bargained for during the collective bargaining process. Funding of the pension plan was paid by defendant, Saginaw Products, and facilitated through arrangements with defendant, Travelers Insurance.

Plaintiff contends that the pension plan was a binding contract between the employees and Saginaw Products in which he has vested rights. He also urges that, since the pension benefits were considered in formulating the employee wage scale, the plan is contributory. Therefore, he may not be deprived of benefits that he has paid for, in part, by the setoff provision. While defendants dispute the latter contention, they agree that the pension plan is contractual and further maintain that it must consequently be enforced according to its terms, including the setoff provision.

The substance of the controversy raises the issue as to whether a provision in a private pension plan violates some settled public policy where it enables

an employer to set off the amount of an employee's workmen's compensation award against pension payments due to that employee. If it is, then the provision is inoperative and plaintiff is entitled to recovery.

We do not agree with plaintiff that the pension plan is contributory. All costs of funding the plan were paid by defendant employer. Merely because those costs were considered during the wage bargaining process to determine wage scales does not make the plan contributory. To be a contributory plan, the employees must pay all or part of the costs of the plan directly.

As to plaintiff's contention that the pension plan is contractual, we agree. But any rights vested in plaintiff must necessarily be subject to the terms of the instrument creating them. Further, we are unable to discern any public policy violated by the provision with which this litigation is concerned.

The purpose of workmen's compensation is to recompense an employee for his loss of earning capacity due to a work-related injury. *Gasparick v H C Price Construction Co,* 398 Mich 483, 490; 247 NW2d 824 (1976). Similarly, we construe pension benefits as compensation for loss in earning capacity occasioned by the employee's ultimate retirement. Where, as here, early retirement is precipitated by a work-related injury for which the employee is receiving workmen's compensation, we find nothing offensive in a private contractual arrangement in which the employer and employee agree that the employee shall not be twice compensated for the same loss of earning capacity.

Although the causal events are distinguishable, the result is the same; the employee sustains a loss in earning capacity because he is unable to work. Nothing in the setoff provision affected the amount

of the workmen's compensation award. It is therefore our conclusion that to hold the setoff provision invalid would be an unwarranted invasion upon the rights of private parties to contract.

Affirmed.