**Houston HORACE, Plaintiff,**

v.

**AUTO SPECIALTIES MANUFACTUR-
ING COMPANY and Manufacturer's
National Bank, Defendants.**

**No. K85–348 CA8.**

United States District Court,
W.D. Michigan S.D.

June 10, 1987.

Houston Horace, pro se.

Clark, Klein & Beaumont by Donald A. Van Suilichem, Detroit, Mich., for defendant Auto Specialties Mfg. Co.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This matter comes before the Court on defendant Auto Specialties Manufacturing Company's ("the Company") motion for dismissal or summary judgment. The underlying cause of action is plaintiff Houston Horace's claim for retirement benefits alleged due and owing from the Company.

Plaintiff was employed by the Company from October 1948 until his retirement on July 1, 1974. On June 3, 1975, Horace was awarded Workers' Compensation benefits of $93 per week for injuries incurred as a result of employment with defendant Company.

At the time of plaintiff's retirement, Article V, Section 8(a) of the Auto Specialties—UAW Pension Plan ("Pension Plan") provided the option to the Board of Administration to exercise full offset of Workers' Compensation or other disability benefits against pension benefits. The Company exercised the option to offset pension benefits due plaintiff against funds plaintiff received under the Michigan Silicosis Second Injury Fund. M.C.L.A. § 418.501 *et seq.* Plaintiff challenges generally the right of the Company to exercise this option. In addition, plaintiff challenges the denial of pension benefits due to offsets where the Company is being directly reimbursed by the State of Michigan for payments made to plaintiff above $12,500. *See* M.C.L.A. § 418.535. There is evidence presented that the Company has received such reimbursement. The Company asserts that it is entitled to the offsets notwithstanding the reimbursement by the State.

As the first ground for dismissal, the Company alleges that it is not a proper party to this lawsuit. It asserts that the proper party is the Pension Plan's Administration Board. It appears from the record and the information provided at oral argument that the Administration Board is a three-person panel composed of a company officer, a union official and a representative of defendant Manufacturer's National Bank, which also serves as trustee of the funds. It is the Company's position that because it is not a proper party, it is entitled to dismissal from the lawsuit. There is insufficient evidence before the Court from which to determine whether such circumstances exist which would entitle plaintiff to maintain this action against the Company. Accordingly, the Court will proceed to evaluate the other grounds asserted by defendant for dismissal.

As a second ground for dismissal, defendant asserts the plaintiff has failed to utilize the appeals process which is a part of the Pension Plan. Plaintiff asserts that he has tried to talk with the Company concerning his pension but it has refused to address the issue. He also asserts that he has tried to get the Union to investigate the denial of benefits and the Union informed him that they have no responsibility for or authority to decide Compensation claims. The plaintiff has not offered evidence that he has attempted to formally appeal the Administration Board's decision to allow the offset. If plaintiff has in fact not utilized the appeals process, his lawsuit must be dismissed for failure to exhaust administrative remedies. *Denton v. First National Bank of Waco, Texas,* 765 F.2d 1295 (5th Cir.1985).

Assuming for purposes of this motion that the Company is a proper party to this lawsuit, and also assuming that plaintiff has properly appealed the decision of the Administration Board to allow the Company to offset plaintiff's pension benefits with payments made under the Worker's Compensation statute, the defendant asserts that it is still entitled to summary judgment because there has been no arbitrary or capricious denial of benefits. It asserts that the interpretation of the Pension Plan by the Administration Board is reasonable and was made in good faith. Thus the defendant asserts that the Court must defer to the Board's interpretation and uphold the decision to offset pension benefits with disability payments. The relevant contract provisions is as follows:

"Notwithstanding any other provisions of this Article V, in determining the portion of the retirement benefit payable out of the Pension Fund to any retired employee, a deduction shall be made unless waived by the Company, equivalent to all or any part of any disability benefits ... payable to such retired employee by reason of any law of the United States, or any political subdivision thereof, which has been or shall be enacted, provided that such deductions shall be to the extent that such benefits have been provided by premiums, taxes, or other payments paid by or at the expense of the Company."

The Supreme Court as well as the Michigan courts have upheld the validity of offset provisions similar to the one contained in the Pension Plan. In *Alessi v. Raybestos— Manhattan, Inc.,* the United States Supreme Court upheld an offset provision almost identical to that in this case and noted that Congress, in enacting ERISA, contemplated and approved pension plan provisions which permit offset of pension benefits based on workers' compensation awards, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). In *Fielder v. Travelers Insurance Co.,* the Michigan Court of Appeals validated a similar provision under Michigan law. 79 Mich.App. 449, 263 N.W.2d 9 (1977). Thus, the mere fact that the pension benefits are subject to offset does not entitle plaintiff to relief.

However, there is a subtle twist to the facts of this case which distinguishes it from those cases which have upheld offsets in general. The provision at issue contains language which limits amounts subject to offset to those amounts paid to plaintiff "by or at the expense of the Company." Plaintiff contends that those payments in excess of $12,500 have been reimbursed 100% by the State of Michigan. Plaintiff has submitted proof that some $38,000 have been paid to him and that his former employer, the defendant company, has been reimbursed by the State for a portion of those funds. It is plaintiff's contention that since the defendant is being reimbursed by the State, payments are not being made "by or at the expense of the Company" and thus he should be able to receive both his pension and his disability benefits. The Company contends that although it is being reimbursed for payments made to plaintiff, it is still contributing payments in the form of insurance premiums which entitle it to the offset.

The issue before the Court is a narrow one. The Court must decide whether the Pension Plan administrators' finding that plaintiff is not entitled to his pension is based on a reasonable interpretation of the contract provision and is not arbitrary, ca-

pricious or erroneous as a matter of law. The Court must look at the contract language and determine whether the administrators' decision was made rationally and in good faith; it is not this Court's function to substitute its judgment for that of the administrators. *Riley v. MEBA Pension Trust,* 570 F.2d 406 (2d Cir.1977). Where there are two reasonable interpretations available for the contract provision, the Court must defer to the decision of the plan administrators. *Edward v. Wilkes—Barre Publishing Company Pension Trust,* 757 F.2d 52 (3rd Cir.1985). Although there is room for disagreement, the Court cannot say, as a matter of law, that the interpretation allowing the offset of plaintiff's pension benefits to be offset by the disability payments received is unreasonable or clearly erroneous. In reaching this decision, the Court is aware of the individual hardship such a ruling works against Mr. Horace personally. However, the Court is bound by the clear mandate of the law. The administrators' decision must be upheld; defendant's motion for summary judgment must be granted; and plaintiff's lawsuit must be dismissed. Accordingly, this lawsuit is dismissed with prejudice and without costs.