## HAROLD REVOIR *v.* CITY OF NEW BRITAIN
### (2060)

HULL, DUPONT and BORDEN, Js.

---

Argued February 7—decision released July 3, 1984

*Henry S. Zembko, Jr.,* for the appellant (plaintiff).

*Joseph E. Skelly, Jr.,* corporation counsel, for the appellee (defendant).

HULL, J. This is an appeal[1] by the plaintiff, Harold Revoir, from the decision of the compensation review division of the workers' compensation commission which affirmed the commissioner's finding and award. The decision of the commissioner ordered the defendant city of New Britain to pay benefits under General Statutes § 7-433c[2] equal to benefits payable under chapter 568 of the General Statutes, the Workers' Compensation Act, for disability from employment. The decision, however, denied that the plaintiff was entitled to permanent disability benefits as a result of being disabled from employment specifically as a fireman.

The plaintiff had been a full time member of the New Britain fire department since 1957. Prior to being hired as a fireman, he underwent a physical examination which did not reveal any evidence of hypertension or

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] General Statutes § 7-433c is entitled "BENEFITS FOR POLICEMEN OR FIREMEN DISABLED OR DEAD AS A RESULT OF HYPERTENSION OR HEART DISEASE."

heart disease. On October 10, 1980, the plaintiff suffered a myocardial infarction (heart attack) and was subsequently diagnosed as suffering from coronary artery disease. As a result, he was permanently disabled from employment as a fire fighter. He was not, however, disabled from performing all types of gainful employment. The plaintiff was retired on a disability pension effective January 19, 1981, by the New Britain board of fire commissioners.

The plaintiff thereafter filed a claim with the workers' compensation commission pursuant to General Statutes § 7-433c. After a hearing on July 1, 1981, the commissioner ordered that the plaintiff receive benefits under § 7-433c "equal to those of Chapter 568 [of the General Statutes] for temporary or permanent, total or partial disability—not disability as a policeman or a fireman."

The plaintiff appealed to the workers' compensation review division, claiming that the commissioner erred in failing to award compensation benefits based upon his disability from employment as a fire fighter. The compensation review division affirmed the finding and award of the commissioner and the plaintiff filed this appeal asserting the same claim of error.

The plaintiff contends that it was error to find that he was only entitled to benefits equal to those of chapter 568 of the General Statutes for temporary or permanent, total or partial disability. He alleges that § 7-433c is a special compensation provision which entitles a qualified fireman to permanent disability benefits for as long as the claimant is disabled from employment as a fireman. We disagree.

Section 7-433c provides in pertinent part that where a member of a paid municipal fire department or a regular member of a paid municipal police department "suffers either off duty or on duty any condition or

impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents . . . shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568" for those employees who have established that the personal injury or death arose out of and in the course of employment. Section 7-433c further provides that "[t]he benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability." The statute twice refers to "temporary or permanent, total or partial disability" in general terms without modifying with any specificity the type of employment from which the claimant must be disabled. If the legislature had intended the statute to create an entitlement to benefits based upon the extent to which a fireman or policeman became temporarily or permanently, totally or partially disabled *from employment as a fireman or policeman,* it would have inserted such language. Cf. *State* v. *Turello,* 183 Conn. 330, 336, 439 A.2d 364 (1981). This court will not, by construction, read into a statute provisions not clearly expressed therein. *Brunswick Corporation* v. *Liquor Control Commission,* 184 Conn. 75, 81, 440 A.2d 792 (1981); *Gomeau* v. *Forrest,* 176 Conn. 523, 527, 409 A.2d 1006 (1979).

It is a basic tenet of statutory construction that a statute is to be construed as a whole. *Duguay* v. *Hopkins,* 191 Conn. 222, 230, 464 A.2d 45 (1983). "[W]here the meaning of a statute is plain and unambiguous, the

enactment speaks for itself and there is no occasion to construe it." *Frazier* v. *Manson,* 176 Conn. 638, 642, 410 A.2d 475 (1979). We fail to find that § 7-433c, read in its entirety, is ambiguous or that it confers benefits upon claimants on the basis of the degree to which their disability precludes them from continued employment as a fireman or policeman, whichever the case may have been at the time of the disabling injury or illness. In addition, the statute clearly provides that benefits for compensation and medical care shall be payable "in the same amount and the same manner as that provided under chapter 568 . . . ." Therefore, once it is established that a claimant qualifies under § 7-433c, chapter 568 then controls the amount of benefits to which he is entitled, subject to the limitations of General Statutes § 7-433b. As we stated in *Middletown* v. *Local 1073,* 1 Conn. App. 58, 63, 467 A.2d 1258 (1983), § 7-433 incorporates the Workers' Compensation Act, "not for purposes of liability, but to determine the amount of the benefits due."

There is nothing in the Workers' Compensation Act indicating that benefits payable under chapter 568 are based upon the degree to which the claimant's disability precludes him from continuing in the job he held at the time the injury was sustained. In *Czeplicki* v. *Fafnir Bearing Co.,* 137 Conn. 454, 456, 78 A.2d 339 (1951), the Supreme Court stated that "total incapacity to work" meant the inability of an employee, because of his injuries, to work at his customary calling or at any other occupation which he might reasonably perform. The court goes on to explain that the rationale for this interpretation is based upon the fact that the purpose of a workers' compensation statute is to protect against economic loss when the claimant's labor becomes unmarketable. Id., 456–57. The court has also stated: " 'We cannot accept a claim of the plaintiff that his incapacity to work [in a particular occupation] would

of itself show that he is totally disabled.' " *Clark* v. *Henry & Wright Mfg. Co.,* 136 Conn. 514, 517, 72 A.2d 489 (1950).

Section 7-433c provides that one purpose of the statute is to protect firemen and policemen "against economic loss resulting from disability or death caused by hypertension or heart disease . . . ." It is also clear that § 7-433c depends procedurally upon chapter 568 in establishing the amount of the benefits paid. Therefore, because a claimant is entitled, under § 7-433c, to benefits payable in the "same amount and the same manner" as are payable under the Workers' Compensation Act, we find that it is clear that such claimant is not entitled to permanent disability benefits because of his inability to work specifically as a fire fighter or policeman.

The plaintiff is correct in his assertion that § 7-433c is a bonus or special compensation statute. The bonus, however, is two-fold and is not as broad as the plaintiff would have us hold. First, the statute provides benefits to those qualified policemen and firemen who are disabled due to hypertension and heart disease because those persons suffer an unusually "high degree of susceptibility" to these ailments. Second, the outright bonus provided by the statute is that the claimant is not required to prove that the heart disease is causally connected to his employment, which he would ordinarily have to establish in order to receive benefits pursuant to the Workers' Compensation Act. *Plainville* v. *Travelers Indemnity Co.,* 178 Conn. 664, 674, 425 A.2d 131 (1979); *Middletown* v. *Local 1073,* supra, 62. We cannot accept the plaintiff's claim that § 7-433c additionally provides, as a bonus for firemen and policemen, that the claimant's incapacity to work as a fireman or policeman in and of itself establishes a statutory right to permanent disability benefits. The purpose of § 7-433c is to protect firemen and policemen from eco-

nomic loss. The measure of economic loss must be determined by the extent to which the claimant is precluded from rejoining the work force in his former capacity or any other reasonable occupation due to his disability.

There is no error.

In this opinion the other judges concurred.