CATHERINE GORMAN *v.* CITY OF WATERBURY

MARGARET MEANEY *v.* CITY OF WATERBURY
(2147)
(2148)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued March 14—decision released June 11, 1985

*Charles L. Flynn,* for the appellants (plaintiffs).

*Thomas G. Parisot,* for the appellee (defendant).

BORDEN, J. These cases involve two former members of the Waterbury police department whose widows are claiming benefits under General Statutes § 7-433c.[1] The

---

[1] General Statutes § 7-433c provides: "In recognition of the peculiar problems of uniformed members of paid fire departments and regular members of paid police departments, and in recognition of the unusual risks attendant upon these occupations, including an unusual high degree

workers' compensation commissioner dismissed both claims and the compensation review division affirmed the commissioner's decisions. The plaintiffs appealed.[2] We find no error.

of susceptibility to heart disease and hypertension, and in recognition that the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment, and in recognition, that the public interest and welfare will be promoted by providing such protection for such fire department and police department members, municipal employers shall provide compensation as follows: Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467.''

[2] These appeals were originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

I

The facts as revealed by the administrative record in Appeal No. 2148 are as follows: John Meaney was a regular, uniformed police officer for the city of Waterbury. He had successfully passed a pre-employment physical examination which did not reveal any evidence of heart disease or hypertension. On May 12, 1965, while employed as a police officer by the defendant, he died as a result of a coronary occlusion. He was survived by his wife, the plaintiff in this action.

General Statutes § 7-433c, which grants heart and hypertension benefits to police and fire department members, was enacted and became effective on June 28, 1971. The plaintiff sought benefits under this statute, claiming that she qualified for the benefits as a dependent of a regular police officer who died of a heart attack following a pre-employment physical examination revealing no evidence of heart disease or hypertension. The commissioner found that General Statutes § 7-433c had no retroactive effect and, accordingly, dismissed the plaintiff's claim because her husband had died prior to the effective date of the statute. The compensation review division affirmed, concluding that the statute operates only prospectively.

We agree with the review division that the plaintiff was not entitled to § 7-433c benefits because her husband died prior to the enactment of this statute. It is well established that statutes affecting substantive rights are given prospective application only, in the absence of legislative intent to the contrary. *Kusha* v. *Respondowski,* 3 Conn. App. 570, 575, 490 A.2d 1014 (1985); *State* v. *Millhouse,* 3 Conn. App. 497, 501, 490 A.2d 517 (1985).

That this statute affected substantive rights, by establishing heart and hypertension benefits for police

and fire department members, cannot seriously be disputed. The predecessor to General Statutes § 7-433c, which attempted to provide identical benefits by using a conclusive presumption, had been declared unconstitutional. *Ducharme* v. *Putnam,* 161 Conn. 135, 285 A.2d 318 (1971). The benefits were therefore unobtainable because the statute conferring the benefits was unenforceable. *Bakelaar* v. *West Haven,* 193 Conn. 59, 67 n.6, 475 A.2d 283 (1984). The legislature's enactment of the current § 7-433c two weeks after the previous statute was deemed unconstitutional, providing the same benefits to qualifying officers as an outright bonus, obviously effected a substantive change in the law by conferring these benefits anew, in a constitutional manner. See *Grover* v. *Manchester,* 168 Conn. 84, 357 A.2d 922, appeal dismissed, 423 U.S. 805, 96 S. Ct. 14, 46 L. Ed. 2d 26 (1975). The enactment of the statute did more than merely restate rights which had existed since 1959, or set out the burden of proof for successfully establishing one's claim to the benefits, as the plaintiff argues. The legislation clearly conferred benefits which were not, at the time of its enactment, established. Since substantive rights were affected and there is nothing in the statute indicating a legislative intent that these substantive changes have retrospective effect, the statute is to be given prospective application only. *Kusha* v. *Respondowski,* supra.

The effective date of General Statutes § 7-433c was June 28, 1971. The plaintiff's husband died from a coronary occlusion on May 12, 1965, six years prior to its enactment. The plaintiff had no right to the benefits at the time of her husband's death. The plaintiff's claim, therefore, was properly dismissed.[3]

---

[3] The plaintiff claims that the predecessor to General Statutes § 7-433c previously entitled her to its benefits and that since § 7-433c was enacted solely to rectify the constitutional defects in that predecessor statute, she is entitled to the benefits conferred under § 7-433c. This claim is without merit for two reasons. First, the source of the predecessor statute's uncon-

## II

The facts in Appeal No. 2147, as presented by the administrative record, are as follows: Joseph Gorman was employed for many years as a regular uniformed member of the Waterbury police department. He passed a pre-employment physical examination which revealed no evidence of heart disease or hypertension. He retired on October 30, 1971, primarily due to his failing vision. He suffered from a hypertensive condition from 1967 until his death, which occurred on September 7, 1972, due to heart disease. The hypertension did not have any disabling effects on Gorman during his tenure as a police officer. He was survived by his wife, the plaintiff in this action.

The plaintiff sought benefits under General Statutes § 7-433c; see footnote 1, supra; but was denied these benefits by the workers' compensation commissioner because the death of her husband due to heart disease, which was the basis of the claim, occurred when he was no longer a police officer.

The review division affirmed the commissioner's decision on the basis of the review division's decision in

stitutionality was its use of a conclusive presumption. The amendment adding the conclusive presumption was passed in 1969, four years after the plaintiff's husband's death. Since that amendment also did not have retroactive effect; see *Nagle* v. *Wood,* 178 Conn. 180, 187, 423 A.2d 875 (1979); the plaintiff was not entitled to benefits by reason of the conclusive presumption at the time of her husband's death and so cannot claim "through" that amendment. Second, the legislature, in enacting § 7-433c, did not provide a bonus for those who might otherwise have been entitled to the benefits under the predecessor statute, but who could not obtain its benefits after it was declared unconstitutional. Without a clear legislative mandate, the statute cannot be construed to confer benefits on those who are not identified in the statute. Furthermore, the plaintiff's claim that she has been entitled to these benefits since 1959 seems spurious since her husband died in 1965 and she did not file a claim for benefits until 1978. We agree with the defendant that the mere institution of a claim under § 7-433c after its enactment does not entitle the plaintiff to its benefits.

*Meaney* v. *Waterbury,* discussed above, that § 7-433c creates substantive, not procedural, rights and has no retroactive effect. The plaintiff appealed, claiming that granting her the benefits of § 7-433c does not result in giving § 7-433c a retroactive effect. We uphold the dismissal of the plaintiff's claim on a basis different from that of the review division; *Pagano* v. *Board of Education,* 4 Conn. App. 1, 12, 492 A.2d 197 (1985); but alluded to by the commissioner.

General Statutes § 7-433c is a bonus or special compensation statute. *Revoir* v. *New Britain,* 2 Conn. App. 255, 260, 477 A.2d 161 (1984). Benefits are to be paid under the statute if "a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease,[4] suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability . . . ." (Footnote added.) See footnote 1, supra. The plaintiff argues, in effect, that to qualify for benefits under the statute, only the condition of hypertension or heart disease need be suffered while on duty or off duty by a regular member of a police department. Under this argument, the employee's death or disability resulting from hypertension or heart disease need not occur while he is employed as a regular police officer, but can occur after termination of that employment.

A fair reading of the statute, however, reveals that both the condition of hypertension or heart disease *and* the death or disability resulting from such a condition

[4] The statute also provides that no proof or record of such a physical examination is required if the successful passage of the examination was required, at the time of employment, as a condition for employment.

must be suffered while the individual was on or off duty as a regular member of a police or fire department. If this were not so, municipalities would in effect be bound by evidence submitted by a claimant that the death or disability, occurring years after employment as a police officer had terminated, was traceable to the hypertension or heart disease suffered during the officer's years of service, without the municipality having any opportunity to challenge the claim that the death or disability was *in fact* traceable to the officer's years of service. Even though the statute was enacted to provide an outright bonus for certain police and fire department employees, who need not prove that the initial heart disease or hypertension was causally connected to their employment; *Revoir* v. *New Britain,* supra; we cannot conclude that the legislature intended to place the municipalities in such a hands-tied position.

"Statutes should be considered as a whole, reconciling their separate parts so that a reasonable overall interpretation is achieved." *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 438, 489 A.2d 398 (1985). The statute provides benefits to qualified police and fire department members because these individuals are more susceptible to the types of ailments denoted. *Revoir* v. *New Britain,* supra. It is intended to place these employees in the same compensation position as those who are injured in the line of duty. *Middletown* v. *Local 1073,* 1 Conn. App. 58, 61, 467 A.2d 1258 (1983). Unlike a police officer on active status, the plaintiff's husband could not have been injured in the line of duty because he was retired, and the statute could not have intended to grant benefits to him as if he had been so injured. The statute contemplates that a recipient of its benefits be an active, not retired, member of a paid municipal police or fire department or the dependent of such an active member.

The plaintiff's husband did not meet the eligibility requirements of the statute. He suffered hypertension while he was a regular member of a paid municipal police department, fulfilling part of the statutory requirements. He did not, however, die or suffer any disability from the hypertensive condition while so employed, as the statute further requires.[5] Under these facts, the plaintiff's husband was not entitled to benefits under General Statutes § 7-433c, and the plaintiff's claim must fail.

There is no error in either appeal.

In this opinion the other judges concurred.

[5] We note that the plaintiff's husband retired due to failing vision and not due to a disability caused by heart disease or hypertension.