LLEWELYN LEPPERT *v.* CITY OF HARTFORD
(6995)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Submitted on briefs December 15, 1988—decision released March 14, 1989

*Albert J. McGrail* filed a brief for the appellant (plaintiff).

*Lisa Silvestri* filed a brief for the appellee (defendant).

PER CURIAM. This is an appeal by the plaintiff, Llewelyn Leppert, from a decision by the compensation review division (division) affirming the workers' compensation commission's denial of the plaintiff's claim for benefits under General Statutes § 7-433c. The sole issue for determination is whether General Statutes § 7-433c provides coverage and benefits to an individual whose heart disease, and the disability related thereto, commenced and was in existence prior to June 28, 1971, the effective date of § 7-433c.

The parties stipulated to the relevant facts. On January 19, 1971, through and including June 28, 1971, the plaintiff was a regular member of a paid municipal police department (the Hartford police department). Upon entry into such police service, the plaintiff successfully passed a physical examination that failed to reveal any evidence of heart disease or hypertension. On January 19, 1971, the plaintiff was disabled by heart disease. Since that date, through, including and after June 28, 1971, the plaintiff has had heart disease of the same nature and kind that existed on January 19, 1971.

The commissioner held that the statute required that the condition or impairment of health caused by hypertension or heart disease resulting in the claimant's death or his temporary, or permanent, total or partial disability for which benefits are claimed, be sustained after its effective date. The commissioner concluded that the record did not support the plaintiff's claim for benefits under § 7-433c because his disability commenced before the effective date of § 7-433c.

The plaintiff contends that there was error in the commissioner's conclusion and that § 7-433c provides benefits for disability that continues beyond June 28, 1971, the effective date of the statute, even if the disability commenced prior to the statute's effective date. The defendant disagrees, claiming that the plaintiff's desired interpretation of § 7-433c would render the statute retroactive in application. The plaintiff's claim has been disposed of by *Gorman* v. *Waterbury,* 4 Conn. App. 226, 228–29, 493 A.2d 286 (1985).

There is no error.