[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PROPOSED INTERVENING PLAINTIFF'S MOTION TO INTERVENE (#102)
 FACTS CT Page 13728
Presently before the court is the city of New Britain's motion to intervene in the action King v. Sultar, Superior Court, judicial district of New Britain at New Britain, Docket No. 487328, filed on June 12, 1998. In the aforementioned action, the plaintiff, Norman King, a New Britain firefighter, brought a one count complaint against the defendant, Robert Sultar, M.D., alleging that the defendant's negligence caused the plaintiff to suffer an acute myocardial infarction on January 4, 1996. As a further complication of the plaintiff's injury, the plaintiff was forced to retire from the New Britain fire department.
The plaintiff, however, due to the nature of the his injury and his status as a firefighter was eligible for compensation benefits pursuant to General Statutes § 7-433c, the Heart and Hypertension Act. As such, the plaintiff filed for, and was awarded, compensation benefits pursuant to § 7-433c by order of the workers' compensation commission.
The city of New Britain (New Britain), as the plaintiff's employer, then became obligated to pay the plaintiff the compensation benefits. To date, New Britain has paid the plaintiff compensation benefits, and it will continue to be liable to the plaintiff for future payments in accordance with the commissioner's decision.
Since, however, the plaintiff claimed that his injuries were the result of a third party's negligence, namely the defendant Sultar, New Britain filed the present motion to intervene in the action King v. Sultar, supra, pursuant to General Statutes § 31-293. Specifically, New Britain seeks to apportion any damages recovered by the plaintiff against the defendant for payments it has paid, and has become obligated to pay, pursuant to General Statutes § 7-433c.
On July 8, 1998, the plaintiff King filed an objection to New Britain's motion to intervene as a co-plaintiff in the underlying action.
 DISCUSSION
The plaintiff argues in opposition to New Britain's motion to intervene that intervention in this action is improper because the plaintiff's benefits were awarded pursuant to General Statutes § 7-433c, not the Workers' Compensation Act. CT Page 13729 Therefore, as General Statutes § 7-433c does not provide for a right of intervention, and § 7-433c benefits are not workers' compensation benefits, then the Workers' Compensation Act's intervention statute, General Statutes § 31-293 is inapplicable.[1]
New Britain argues in support of its motion to intervene that "an employer seeking apportionment can intervene in a [General Statutes § 7-433c action because § 7-433c explicitly incorporates all the provisions of Chapter 568 of the General Statutes, including § 31-293." (Intrv. Pl.'s Mem. p. 2.)
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." (Internal quotation marks omitted.) Washington Trust Co. v. Smith, 241 Conn. 734, 747,699 A.2d 73 (1997). "On a motion to intervene, even a motion to intervene as of right, the proposed intervenor bears the burden of proving the right to intervene." Sammarco v. Hillside VillageCondominium Assoc., Superior Court, judicial district of New Haven at New Haven, Docket No. 403926 (January 5, 1998) (Levin, J.). "To sustain that burden of proof, a proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment." (Internal quotation marks omitted.) Washington TrustCo. v. Smith, supra, 241 Conn. 747-48.
This court's research indicates that no court in this state has previously addressed the particular issue presented by the parties; specifically, whether an employer may intervene in an action brought by an employee against a third party tortfeasor pursuant to General Statutes § 31-293, for benefits the employer has paid to the employee pursuant to General Statutes § 7-433c. Nevertheless, this court finds that the plaintiff's objection to New Britain's motion to intervene must be sustained.
New Britain has brought the present motion to intervene in the plaintiff's action pursuant to General Statutes § 31-293.[2] "Under General Statutes § 31-293 (a), an employer who has paid workers' compensation benefits to an employee for injuries sustained by the employee as a result of the tortious conduct of a third party may seek reimbursement for CT Page 13730 those payments by intervening in the employee's action against the tortfeasor within thirty days of receipt of formal notice of the employee's action." Nichols v. Lighthouse Restaurant,Inc., 246 Conn. 156, 158-59, (1998). New Britain, however, has paid and is under a continuing obligation to pay the plaintiff benefits pursuant to General Statutes § 7-433c.[3]
Compensation benefits awarded pursuant to General Statutes § 7-433c are not workers' compensation benefits under the Workers' Compensation Act. See Carriero v. Naugatuck,243 Conn. 747, 755, 707 A.2d 706 (1998) ("an award under § 7-433c is not a workers' compensation award.") Payments made pursuant to General Statutes § 7-433c "constitute special compensation, or even an outright bonus, to qualifying policemen and firemen." (Internal quotation marks omitted.) Carriero v. Naugatuck, supra,243 Conn. 754. Section 7-433c is "bonus legislation" because a claimant is not required to demonstrate a causal connection between a heart related injury and the claimant's employment in order to receive benefits; conversely, a claimant does have to establish a causal connection between an injury and the claimant's employment in order to receive benefits under the Workers' Compensation Act." Id., 754-55; Revoir v. New Britain,2 Conn. App. 255, 260, 477 A.2d 161 (1984).
Nonetheless, despite this significant difference between the Heart and Hypertension Act and the Workers' Compensation Act, courts in Connecticut have repeatedly stated that "an award pursuant to General Statutes § 7-433c . . . is a work[ers'] compensation award in the sense that its benefits are payable and procedurally administered under the Work[ers'] Compensation Act."Carriero v. Naugatuck, supra, 243 Conn. 759; Plainville v.Travelers Indemnity Co., 178 Conn. 669, 671, 425 A.2d 131 (1979);Middletown v. Local 1073, 1 Conn. App. 58, 65-66, 467 A.2d 1258
(1983), cert. dismissed, 192 Conn. 803, 471 A.2d 244 (1984). The reason, however, for the procedural connection between the two Acts is grounded in legislative efficiency; particularly, by requiring that § 7-433c benefits be administered in the same procedural manner as workers' compensation benefits, the legislature avoided the duplication of an administrative mechanism with which to distribute the § 7-433c benefits. SeeMorgan v. East Haven, 208 Conn. 576, 585 n. 12, 546 A.2d 243
(1988); Plainville v. Travelers Indemnity Co., supra,178 Conn. 671-72. CT Page 13731
Even though, however, the procedural manner in which § 7-433c benefits are distributed is the same as that under the Workers' Compensation Act, the two Acts not substantively the same. "Although the benefits under General Statutes § 7-433c
are calculated by a compensation commissioner in accordance with Chapter 568, it is significant that the two statutes are recognized as `separate and distinct legislation.'" (Emphasis added.) Morgan v. East Haven, supra, 208 Conn. 585 n. 12;Bakelaar v. West Haven, 193 Conn. 59, 67, 475 A.2d 283 (1984). "[T]he substantive law of § 7-433c governs claims under that section; chapter 568 is used only for purposes of computation." (Emphasis added.) Morgan v. East Haven, supra, 208 Conn. 585
n. 12; Carriero v. Naugatuck, supra, 243 Conn. 759-60.
Here, New Britain argues that it is permitted to intervene in the plaintiff's action against the defendant pursuant to General Statutes § 31-293 because General Statutes § 7-433c
"explicitly incorporates all the provisions of Chapter 568 of the General Statutes, including § 31-293." New Britain's argument, however, is misplaced, because the references to Chapter 568 in § 7-433c are only intended to provide a procedural method for the computation of benefits under the statute. See Morgan v. East Haven, 208 Conn. 585 n. 12;Plainville v. Travelers Indemnity Co., supra, 178 Conn. 671-72. The references to Chapter 568 in § 7-433c are not intended to expand the rights of employers beyond those otherwise expressly provided for in Chapter 113.
It is axiomatic that "the General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." Plourde v. Liburdi, 207 Conn. 412, 417,540 A.2d 1054 (1988); State v. Dabkowski, 199 Conn. 193,201, 506 A.2d 118 (1986) (the legislature is presumed to know the existing state of the law when it enacts a statute, and the court will not presume otherwise.) Nothing in Chapter 113, or the Heart and Hypertension Act, General Statutes §§ 7-433 through7-433c, provides for an employer right of intervention. Thus, the legislature must not have intended that such a right of intervention to exist. See Nichols v. Lighthouse Restaurant,Inc., supra, 246 Conn. 165 (court looks to words of statute itself to ascertain intent of the legislature); Bakelaar v. WestHaven, supra, 193 Conn. 68 ("the intent of the legislature . . . CT Page 13732 is to be found not in what the legislature meant to say, but in the meaning of what it did say.")
Conversely, General Statutes § 31-293 of the Workers' Compensation Act clearly provides for an employer to intervene in an employee's action against a third party tortfeasor for payments the employer has become obligated to pay under the Workers' Compensation Act. Had the legislature intended to include in the Heart and Hypertension Act a statute similar to § 31-293, it surely could have. Therefore, as "[t]he legislature is supreme in the area of legislation"; FederalAviation Administration v. Administrator, 196 Conn. 546, 550,494 A.2d 564 (1985); this court will not broaden the scope of § 7-433c by importing a right of intervention into the Heart and Hypertension Act, where the legislature with full awareness of § 31-293, has declined to do so.
Moreover, although it is settled that courts should "read related statutes so as to form a coherent and rationale whole, avoiding irrational distinctions"; (internal quotation marks omitted) Carriero v. Naugatuck, supra, 243 Conn. 759; it is beyond the province of this court to create intervention rights in employers, where under the current legislative enactments, none exist.
Finally, the Appellate Court's decision in McNulty v.Stamford, 37 Conn. App. 835, 657 A.2d 1126 (1995), is instructive here. There, the court held that the second injury fund was not liable to municipalities for payments made under the Heart and Hypertension Act in the same manner as it is liable for worker's compensation claims. McNulty v. Stamford, supra,37 Conn. App. 845. In reaching its decision, the court stated that "[f]or the second injury fund to be liable for payment of an award, the award must have been made pursuant to the Workers'Compensation Act, or some other express statutory authorization
for fund liability . . ." (Emphasis added.) Id., 845. In that case, as there was neither a workers' compensation award made, nor any express statutory authorization requiring liability on the part of the second injury fund, the second injury fund could not be held liable for municipal payments made pursuant to General Statutes § 7-433c.
Similarly, in the present action, the plaintiff has neither received workers' compensation benefits, nor has the legislature expressly provided for an employer's right of intervention for CT Page 13733 payments made pursuant to General Statutes § 7-433c. Further, although the court has strongly considered the possible practical ramifications of sustaining the plaintiff's objection to the motion to intervene, particularly with regard to the potential for the plaintiff to achieve a double recovery,[4] this court's decision is dictated by the express statutory language of General Statutes § 7-443c.
Therefore, based upon the plain language of General Statutes § 7-433c and Chapter 113, as well as the applicable case law, this court finds that New Britain is not permitted to intervene in the action King v. Sultar, supra, Superior Court, Docket No. 487328. Accordingly, the plaintiffs objection to New Britain's motion to intervene is sustained.
SANDRA VILARDI LEHENY JUDGE, SUPERIOR COURT