******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES STAUROVSKY *v.* MILFORD
POLICE DEPARTMENT ET AL.
(SC 19682)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.

Argued January 25—officially released March 7, 2017

*David J. Morrissey*, for the appellant (plaintiff).

*Michael V. Vocalina*, for the appellee (defendants).

*Opinion*

PER CURIAM. The plaintiff, James Staurovsky, appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court, which reversed the decision of the Compensation Review Board affirming the decision of the Workers' Compensation Commissioner for the Fourth District awarding heart and hypertension benefits pursuant to General Statutes (Rev. to 2011) § 7-433c. *Staurovsky* v. *Milford Police Dept.*, 164 Conn. App. 182, 209, 134 A.3d 1263 (2016). On appeal, the plaintiff, who is a retired police officer who had been employed by the named defendant, the Milford Police Department,[2] claims that the Appellate Court improperly concluded that he was not entitled to heart and hypertension benefits after suffering a myocardial infarction shortly after his retirement. Id., 208–209. Specifically, the plaintiff contends that the Appellate Court improperly followed its decision in *Gorman* v. *Waterbury*, 4 Conn. App. 226, 231–32, 493 A.2d 286 (1985), in determining that General Statutes (Rev. to 2011) § 7-433c required him to prove that his heart disease or hypertension caused him to suffer from death or disability while he was actively employed as a police officer. *Staurovsky* v. *Milford Police Dept.*, supra, 164 Conn. App. 202–203.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] We granted the plaintiff's petition for certification limited to the following issue: "Did the Appellate Court correctly determine that the Workers' Compensation Review Board decision must be reversed because the plaintiff must prove that he was disabled or die from a condition or impairment of health caused by hypertension while still employed in order to perfect his claim for benefits under General Statutes [Rev. to 2011] § 7-433c?" *Staurovsky* v. *Milford Police Dept.*, 321 Conn. 915, 916, 136 A.3d 645 (2016).

[2] We note that the named defendant's workers' compensation administrator, PMA Management Corp. of New England, was also named as a defendant in the present case. See *Staurovsky* v. *Milford Police Dept.*, supra, 164 Conn. App. 184.