******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# GEORGE R. DICKERSON *v.* CITY OF STAMFORD ET AL.
## (SC 20244)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

The named defendant, the city of Stamford, appealed from the decision of
the Compensation Review Board, which vacated the Workers' Compen-
sation Commissioner's dismissal of the plaintiff's claim for benefits
under the statute (§ 7-433c) governing compensation for municipal
police officers or firefighters with hypertension or heart disease. In
2000, while employed as a police officer with the Stamford Police Depart-
ment, the plaintiff was diagnosed with hypertension, and, in 2004, the
commissioner concluded that the plaintiff's hypertension was compensa-
ble under § 7-433c. The plaintiff retired from the police department in
2004, and, in 2014, he suffered a myocardial infarction as a result of
coronary artery disease. The plaintiff then filed a claim under § 7-433c for
compensation for his coronary artery disease and myocardial infarction,
asserting that these events or conditions were the sequelae of his com-
pensable claim for hypertension. The commissioner concluded that
hypertension and heart disease are two separate diseases for purposes
of § 7-433c and that the plaintiff failed to file a notice of new claim
within one year of his diagnosis of heart disease, in accordance with
the notice provisions of the Workers' Compensation Act (§ 31-275 et
seq.), and dismissed his claim. The plaintiff appealed from the commis-
sioner's decision to the board, which vacated the commissioner's deci-
sion, concluding that a cardiac event that occurs subsequent to an initial,
compensable injury under § 7-433c need not be deemed a new injury
and that to require a new notice of claim for a subsequent manifestation
of a compensable injury would be inconsistent with the way in which
workers' compensation claims have been previously handled under the
act. The board remanded the case to the commissioner to make indepen-
dent factual findings with respect to whether the plaintiff's heart disease
was caused by his hypertension or constituted a new injury. On the
city's appeal from the decision of the board, *held*:
1. Contrary to the city's claim, the plaintiff satisfied the jurisdictional prereq-
   uisites of § 7-433c and was not required to file notice of new claim
   in order to pursue benefits under § 7-433c for his heart disease, and,
   accordingly, this court upheld the board's decision to vacate the commis-
   sioner's dismissal of the plaintiff's claim for benefits on the basis of the
   plaintiff's failure to file a notice of new claim; this court adopted the
   reasoning and result of the companion case of *Coughlin* v. *Stamford
   Fire Dept.* (334 Conn.     ), in which this court held that, when a plaintiff
   has a compensable claim for hypertension under § 7-433c, he also may
   be eligible for benefits for subsequent heart disease if the heart disease
   is causally related to the hypertension.
2. This court determined that a claimant who suffers a compensable primary
   injury may also be compensated for a subsequent injury under § 7-
   433c when the subsequent injury is the direct and natural result of
   the compensable primary injury, and whether a sufficient nexus of
   proximate cause exists between the two injuries requires a workers'
   compensation commissioner to use a substantial factor causation stan-
   dard; accordingly, because the commissioner in the present case dis-
   missed the plaintiff's claim for benefits without making an independent
   factual finding as to causation, this court directed that, on remand, the
   commissioner shall determine whether the plaintiff's hypertension was
   a substantial factor in the development of his heart disease.

Argued November 12, 2019—officially released March 10, 2020

*Procedural History*

Appeal from the decision of the Workers' Compensa-
tion Commissioner for the Seventh District dismissing

the plaintiff's claim for certain workers' compensation benefits, brought to the Compensation Review Board, which vacated the commissioner's decision and remanded the case for further proceedings, and the defendants appealed. *Affirmed*; *further proceedings*.

*Scott Wilson Williams*, for the appellants (defendants).

*Andrew J. Morrissey*, for the appellee (plaintiff).

*Opinion*

KAHN, J. The named defendant, the city of Stamford,[1] appeals[2] from the decision of the Compensation Review Board (board), which vacated the decision of the Workers' Compensation Commissioner for the Seventh District (commissioner) dismissing the claim for benefits that the plaintiff, George R. Dickerson, brought pursuant to General Statutes § 7-433c (a).[3] *Dickerson* v. *Stamford*, No. 6215, CRB 7-17-8 (September 12, 2018). On appeal, the defendant asserts that the board incorrectly determined that the commissioner had jurisdiction over the plaintiff's claim because, at the time of his diagnosis and disability, the plaintiff had retired and was no longer a uniformed member of the Stamford Police Department (department). Furthermore, the defendant asserts that a claim for a new injury of heart disease cannot be established on the basis of its causal relationship to the plaintiff's initial compensable claim for hypertension because § 7-433c mandates that hypertension and heart disease be treated as separate and distinct injuries. Therefore, the defendant claims, the plaintiff was required to give a separate, timely notice of his heart disease claim within one year of his diagnosis. The plaintiff responds that the jurisdictional prerequisites of § 7-433c were met and that his heart disease claim was timely because it flowed from his compensable claim for hypertension, and neither a plain reading of § 7-433c nor this court's interpretation of that statute requires hypertension and heart disease to be treated as separate diseases when they are causally related. Finally, the defendant argues that, even if the plaintiff met the jurisdictional prerequisites and his claim for heart disease was timely, the plaintiff's hypertension must be the sole contributing factor to his heart disease for the latter claim to be eligible for benefits. The plaintiff responds that the long-standing substantial factor standard that applies to subsequent injury claims brought under the Workers' Compensation Act (act), General Statutes § 31-275 et seq., also applies to his claim. We agree with the plaintiff and, accordingly, affirm the decision of the board.

The record reveals the following undisputed facts and procedural history. The plaintiff became a regular member of the department in 1984.[4] While employed as a police officer, the plaintiff was diagnosed with hypertension on July 17, 2000, and filed a timely claim for benefits pursuant to § 7-433c. The commissioner, in an October 7, 2004 finding and award on that claim, concluded that the plaintiff's hypertension was compensable and awarded a 40 percent permanent partial disability. The plaintiff retired from the department in 2004.

On September 4, 2014, the plaintiff suffered an inferior wall myocardial infarction as a result of coronary artery disease and underwent an emergency angioplasty with a stent placement in his right coronary artery.

The plaintiff then filed a heart disease claim, seeking compensation for both his coronary artery disease and myocardial infarction. In doing so, the plaintiff asserted that these diagnoses were the sequelae of his compensable claim for hypertension. Following a hearing on the heart disease claim, the commissioner issued an amended finding and dismissal dated August 28, 2017.[5] The commissioner, relying on this court's decision in *Holston* v. *New Haven Police Dept.*, 323 Conn. 607, 149 A.3d 165 (2016), determined that hypertension and heart disease are two separate diseases for the purpose of § 7-433c and that the plaintiff failed to file a notice of new claim within one year of his diagnosis of heart disease in accordance with the notice provisions of the act. Accordingly, the commissioner found that the plaintiff was not entitled to benefits for heart disease and dismissed his claim. The plaintiff appealed from that decision to the board.

In its decision, the board stated that it "[did] not believe [that] a cardiac event that occurred at a later date from an initial compensable injury [pursuant to § 7-433c] *must*, as a matter of law, be deemed a new injury." (Emphasis in original; internal quotation marks omitted.) The board observed that this court has consistently held that § 7-433c "provides for the administration of benefits in the same amount and the same manner as that provided under [the act]," and "to require a future manifestation of a compensable injury to require a new notice of claim . . . would be inconsistent with the way [workers' compensation] claims have been handled since the inception of the [act]." (Internal quotation marks omitted.) Accordingly, because the commissioner did not present independent factual findings related to whether the plaintiff's heart disease was caused by his hypertension or constituted a new injury, the board vacated the commissioner's amended finding and dismissal and remanded the case for further proceedings. See footnote 6 of this opinion. This appeal followed.

I

STANDARD OF REVIEW

"The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [Moreover, it] is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally

or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Footnote omitted; internal quotation marks omitted.) *Holston* v. *New Haven Police Dept.*, supra, 323 Conn. 611–13. In addition, "we are mindful of the proposition that all workers' compensation legislation, because of its remedial nature, should be broadly construed in favor of disabled employees. . . . This proposition applies as well to the provisions of [§] 7-433c . . . because the measurement of the benefits to which a § 7-433c claimant is entitled is identical to the benefits that may be awarded to a [claimant] under . . . [the act]. . . . We also recognize, however, that the filing of a timely notice of claim is a condition precedent to liability and a jurisdictional requirement that cannot be waived." (Internal quotation marks omitted.) Id., 613.

## II

## JURISDICTION AND TIMELINESS

We first consider the defendant's claims that the plaintiff did not meet the jurisdictional prerequisites of § 7-433c because he was retired when he pursued his claim for heart disease and that the plaintiff failed to give timely, separate notice of his heart disease claim. In *Coughlin* v. *Stamford Fire Dept.*, 334 Conn.      ,      A.3d      (2020), which we also decide today, we held that, when a plaintiff has a compensable claim for hypertension under § 7-433c, the plaintiff may also be eligible for benefits for subsequent heart disease if, as required by the act, the plaintiff's heart disease is causally related to his hypertension. We adopt the reasoning and result of that decision herein and, therefore, conclude that the plaintiff met the jurisdictional prerequisites of § 7-433c. We hold that the plaintiff was not required to file a notice of new claim in order to pursue benefits for his heart disease.

## III

## CAUSATION

We next turn to the defendant's contention that the plaintiff's hypertension must be the sole contributing factor to his heart disease for the plaintiff to be eligible for benefits. "[O]nce § 7-433c coverage is established, the measurement of the plaintiff's benefits under this statute is identical to the benefits that may be awarded to a plaintiff under [the act]." *Felia* v. *Westport*, 214 Conn. 181, 185, 571 A.2d 89 (1990); see also *Lambert* v. *Bridgeport*, 204 Conn. 563, 566, 529 A.2d 184 (1987). Under the act, a claimant, having suffered a compensable primary injury during the course of his employment, may also be compensated for a subsequent injury when

the subsequent injury is "the direct and natural result of a compensable primary injury." (Internal quotation marks omitted.) *Sapko* v. *State*, 305 Conn. 360, 378–80, 44 A.3d 827 (2012).

Whether a sufficient nexus of proximate cause exists between the two injuries for the subsequent injury to be compensable requires commissioners to use a "substantial factor" causation standard. See, e.g., *Birnie* v. *Electric Boat Corp.*, 288 Conn. 392, 408–409, 953 A.2d 28 (2008). This court has construed the requirement to mean that there must exist "some causal connection" between the two injuries. (Emphasis omitted; internal quotation marks omitted.) Id., 410. "It has been determined that the substantial factor standard is met if the employment *materially or essentially contributes* to bring about an injury . . . . The term substantial, however, does *not* connote that the employment must be the major contributing factor in bringing about the injury . . . [or] that the employment must be the sole contributing factor in development of an injury. . . . [T]he substantial factor causation standard simply requires that the employment, or the risks incidental thereto, contribute to the development of the injury in *more than a de minimis* way." (Citations omitted; emphasis altered; internal quotation marks omitted.) Id., 412–13; see also *Filosi* v. *Electric Boat Corp.*, 330 Conn. 231, 244–45, 193 A.3d 33 (2018).

In interpreting the act, this court has previously noted that, "[u]nless causation under the facts is a matter of common knowledge, the plaintiff has the burden of introducing expert testimony to establish a causal link between the compensable workplace injury and the subsequent injury." *Sapko* v. *State*, supra, 305 Conn. 386. "When . . . it is unclear whether an employee's [subsequent injury] is causally related to a compensable injury, it is necessary to rely on expert medical opinion. . . . Unless the medical testimony by itself establishes a causal relation, or unless it establishes a causal relation when it is considered along with other evidence, the commissioner cannot reasonably conclude that the [subsequent injury] is causally related to the employee's employment." (Citation omitted; internal quotation marks omitted.) *Marandino* v. *Prometheus Pharmacy*, 294 Conn. 564, 591–92, 986 A.2d 1023 (2010).

In the present case, the commissioner dismissed the plaintiff's claim without making an independent factual finding as to whether the plaintiff's hypertension was a substantial factor in the development of his heart disease. On appeal, the board remanded the case to the commissioner for further proceedings, noting that, "[i]n matters [in which] it is not definitive whether a plaintiff's cardiac ailment is the manifestation of a prior injury or a new injury, the commissioner must reach a factual determination on the issue prior to proceeding forward."[6] We conclude that, on remand, the commis-

sioner shall determine whether the plaintiff's hypertension was a substantial factor in his subsequent development of heart disease.

The decision of the Compensation Review Board is affirmed and the case is remanded to the board with direction to remand the case to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

[1] PMA Management Corporation of New England, a third-party administrator for the city of Stamford, is a defendant in the present case and joined in this appeal. In the interest of clarity, we hereinafter refer to the city of Stamford as the defendant.

[2] The defendant appealed from the decision of the Compensation Review Board to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] General Statutes § 7-433c (a) provides: "Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, 'municipal employer' has the same meaning as provided in section 7-467."

[4] General Statutes § 7-433c (b) provides in relevant part that "those persons who began employment on or after July 1, 1996, shall not be eligible for any benefits pursuant to this section." In the present case, it is undisputed that the plaintiff was hired in 1984.

[5] The plaintiff filed a motion to correct the initial finding and dismissal, dated August 17, 2017, seeking the omission of any references to *Staurovsky* v. *Milford Police Dept.*, 164 Conn. App. 182, 134 A.3d 1263 (2016), appeal dismissed, 324 Conn. 693, 154 A.3d 525 (2017), which the plaintiff claimed had not been an issue for consideration at the formal hearing. The commissioner granted the motion, resulting in the amended finding and dismissal.

[6] The commissioner noted that the parties stipulated to a number of facts, including that the plaintiff's long-standing hypertension was a significant contributing factor in his development of coronary artery disease that ultimately resulted in his myocardial infarction. The plaintiff also submitted, and the commissioner admitted into evidence as full exhibits, two letters from the plaintiff's treating physician, Steven H. Kunkes. Neither party, however, challenged the board's decision to remand the case to the commissioner for further proceedings, and, therefore, we affirm the decision of the board without intimating a view on how the issue of causation is to be resolved by the commissioner on remand.